CHARLES E. VEGA MALDONADO, demandante y recurrente, *v.* CARMEN L. ALICEA HUACUZ, demandada y recurrida.

*Número:* CC-97-146        *Resuelto:* 2 de abril de 1998

*Luz de Borinquen Dávila,* de *Dávila & Pagán,* abogada de la parte peticionaria; *Lourdes Santiago Ortiz,* abogada de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Las Reglas de Procedimiento Civil —cuyo objetivo es dilucidar rápida, económica y justicieramente toda causa— se desarrollan en un orden lógico, natural y armonioso entre sí. Este orden se revela en las distintas etapas y los variados incidentes de un litigio —alegaciones, mociones, descubrimiento, vista evidenciaria, sentencia, reconsideración, apelación— y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta para la próxima. Si se trastoca una de esas etapas por el mal uso o abuso de una regla se desestabiliza todo su ensamblaje. Una de las características principales de las reglas es que se fundamentan en una hipótesis de *generalidad*: son para atender asuntos usuales, no de excepción. Aún así, las reglas reconocen que dentro del proceso hay situaciones no visualizadas que justifican un proceder distinto para evitar injusticias.

I

Charles E. Vega Maldonado y Carmen L. Alicea Huacuz se divorciaron mediante consentimiento mutuo el 14 de octubre de 1992 en el Tribunal de Primera Instancia, Sala de Bayamón. Estipularon una pensión alimentaria de ciento veinticinco dólares ($125) mensuales a favor del hijo menor.

El 29 de marzo de 1994, Alicea Huacuz pidió un aumento en la pensión. La ilustrada sala (Hon. Georgina Dávila Altieri, Juez) la denegó de plano mediante una Resolución notificada el 17 de mayo.[1] El 3 de junio —diecisiete (17) días después de esa notificación— Alicea Huacuz solicitó una reconsideración. Acogida dicha moción el 8 de junio, el 11 de febrero de 1995, previa vista evidenciaria, el

---

[1] Adujo que no había transcurrido el término de tres (3) años, dispuesto por la Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. sec. 518, para revisar las pensiones.

tribunal aumentó la pensión a quinientos dólares ($500), retroactivo a la solicitud del 29 de marzo de 1994.

El 6 de julio de 1995 Vega Maldonado pidió un relevo al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Adujo que el Tribunal carecía de jurisdicción, pues no podía acoger la reconsideración luego de haber transcurrido los quince (15) días improrrogables dispuestos en la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En oposición, Alicea Huacuz argumentó que presentó la reconsideración en tiempo, pues dicho término quedó prorrogado en virtud de los tres (3) días que concede la Regla 68.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, cuando la notificación es por correo. El tribunal declaró sin lugar el relevo. Al solicitar reconsideración, Vega Maldonado sostuvo que la Regla 68.3, *supra*, era inaplicable por disponer la Regla 47, *supra*, un término jurisdiccional. El tribunal de instancia reiteró su criterio y aclaró que su negativa original fue por orden interlocutoria, y como "no era una sentencia final no corrió contra ella el término que establece la Regla 47 de las de Procedimiento Civil". Apéndice, pág. A-100. Sostuvo, además, que los alimentos de menores estaban revestidos de un alto interés público, "que envuelve la revisión según cambien las circunstancias del alimentante y alimentista. Por estas razones, concluimos que el término es directivo y el Tribunal conservó la jurisdicción para entender en la solicitud". Resolución de 20 de agosto de 1996, pág. 6.

Vega Maldonado acudió mediante una petición de *certiorari* al Tribunal de Circuito de Apelaciones. Dicho foro (Hons. Sánchez Martínez, Broco Oliveras y Urgell Cuebas, Jueces) se negó a expedir por entender que el tribunal de instancia había actuado correctamente y tenía discreción para reconsiderar pasados los quince (15) días, por lo que el término no era jurisdiccional.

Ante nos, Vega Maldonado reproduce los mismos planteamientos.([2])

## II

■ Al término jurisdiccional de quince (15) días de la Regla 47, *supra*, no le aplica la extensión de tres (3) días de la Regla 68.3, *supra*.

■ La citada Regla 47, en lo pertinente, dispone que

[l]a parte *adversamente afectada por una resolución, orden o sentencia* del Tribunal de Primera Instancia podrá, *dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden* o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, *presentar* una moción de reconsideración de la resolución, orden o sentencia. (Énfasis suplido.)

■ El término de la Regla 47, *supra*, en una sentencia es fatal. *Barletta v. Tribunal Superior*, 100 D.P.R. 690 (1972); *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644 (1979). Sin embargo, se ha quedado en el tintero si igual solución rige en cuanto a las resoluciones y órdenes. Una teoría,([3]) que ha sido acogida por el reputado Tribunal de Circuito de Apelaciones, presenta que el término es directivo, pues las órdenes y resoluciones interlocutorias carecen de finalidad y, por ende, contra ellas no transcurren términos jurisdiccionales. Según ésta, el tribunal conserva facultad

---

([2]) "1. Erró el Tribunal de Circuito de Apelaciones al concluir que los 15 días que establecen las Regla[s] de Procedimiento Civil no son de estricto cumplimiento cuando se reconsideran órdenes y resoluciones, sino que son discrecionales, por lo que el Tribunal no pierde jurisdicción expirado dicho término.

"2. Erró el Tribunal de Circuito de Apelaciones al concluir que no siendo los quince (15) días contemplados en la Regla 47 un término jurisdiccional, le es de aplicación la Regla 68.3 de Procedimiento Civil que extiende el término 3 días." Recurso de *certiorari*, pág. 7.

([3]) H.A. Sánchez Martínez, *La reconsideración de resoluciones y órdenes interlocutorias y de sentencias finales*, XV Rev. Jur. U.I.A. 367 (1981). Coincide con este enfoque J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1988, Vol. II, pág. 260.

de corregirlas antes de que termine el pleito. O sea, por ser interlocutorias, se les niega inmediatez y finalidad.

La dificultad de este enfoque radica en que esos dictámenes —salvo una *reconsideración oportuna* o que *en alzada* se dejen sin efecto— ponen fin a incidentes *dentro del proceso litigioso escalonado.* Negarle finalidad es simplemente poner en entredicho ante abogados y partes la certeza, seriedad y autoridad que debe caracterizar nuestro sistema procesal-adjudicativo en todas sus *etapas críticas antes de que se dicte sentencia* e, incluso, luego de ser dictada.

■ La lectura de la Regla 47 transcrita revela una sola diferencia, a saber, el comienzo de los quince (15) días:([4]) para las órdenes y resoluciones, desde su notificación; las sentencias, desde el archivo en autos de copia de su notificación. Ello no es suficiente para establecer que uno es jurisdiccional y el otro directivo. Por otro lado, al examinar las reglas en conjunto, observamos que el tratamiento visualizado *es jurisdiccional.* Al respecto, la Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, prohíbe prorrogar o reducir dicho término.([5]) J.A. Cuevas Segarra, *Práctica Procesal Puertorriquena: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1988, Vol. II, págs. 445–447. Esta prohibición no hace distinciones; se extiende a todos los térmi-

---

([4]) Originalmente, la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, visualizaba el término de cinco (5) días para pedir la reconsideración de órdenes y resoluciones. Sin embargo, fue enmendada en 1979 para aumentar a quince (15) días.

([5]) La Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone:

"Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, *el tribunal* podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior; o (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; *pero* [*el tribunal*] *no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas* 43.3, 44.1, 47, 48.2, 48.4, 49.2, 53.1, 53.2, 53.3 y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas." (Énfasis suplido.)

nos de la citada Regla 47. Adviértase el uso del lenguaje en forma singular y, repetimos, que no distingue entre sentencias, resoluciones u órdenes. Otra interpretación afectaría no sólo la Regla 47, *supra*, sino el crucial término que transcurre simultáneamente con la reconsideración, como lo es el período para acudir mediante una petición de *certiorari* al Tribunal de Circuito de Apelaciones. Precisamente por la naturaleza interlocutoria de estas órdenes, debe evitarse toda demora.

■    Tampoco las reglas disponen que se extiendan los tres (3) días de la Regla 68.3, *supra*,[6] a los términos señalados en la Regla 68.2, *supra*, que según hemos visto, incluye la Regla 47, *supra*. Cuevas Segarra, *op. cit.*, pág. 447. El propósito de la Regla 68.3 es añadirle tres (3) días a los términos prescritos por las reglas cuando la notificación es por correo, teniendo el efecto de prorrogarlo. *Sin embargo, los términos jurisdiccionales nunca pueden ser ampliados aunque sean notificados por correo. Gobernador de P.R. v. Alcalde de Juncos*, 121 D.P.R. 522 (1988).

■    Según el actual organigrama, expirado el término jurisdiccional de la Regla 47, *supra*, la parte afectada puede intentar revisar y dejar sin efecto el dictamen en cuestión a través del *certiorari* ante el Tribunal de Circuito de Apelaciones. También en ciertas circunstancias tiene a su haber el remedio de la Regla 49.2, *supra*, sobre relevo de sentencia, *resoluciones y órdenes*.

En conclusión, según la Regla 47, el término de quince (15) días jurisdiccional aplica a sentencias, resoluciones y órdenes.

---

[6] Dispone:
"Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia."

## III

Lo expuesto no dispone del recurso. Se recordará que originalmente el tribunal de instancia rechazó de plano la solicitud de aumento de pensión alimentaria, porque no habían transcurrido los tres (3) años dispuestos en la Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. sec. 518. En su solicitud de aumento, Alicea Huacuz expuso vagamente cambios en la vida del menor y de su padre que podrían justificar un aumento de la pensión. Dicha moción, rechazada por el tribunal, no ponía a éste en una posición que fuera apta para resolverla. Es luego, al Alicea Huacuz presentar su reconsideración tardíamente, que en forma clara y detallada expuso las razones por las cuales debía aumentar,(7) pero el tribunal no podía acogerla como tal por carecer de jurisdicción. Sin embargo, nada le impedía, conforme a *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314 (1997), y a *Barreto v. Sherris Caribbean, Inc.*, 92 D.P.R. 859 (1965), examinarla como una moción al amparo de la Regla 49.2(6) de Procedimiento Civil, 32 L.P.R.A. Ap. III.(8)

Como hemos expresado anteriormente, "[u]na interpretación liberal de la citada Regla 49.2 permite considerar una moción de reconsideración como de relevo de sentencia, aun después de haber transcurrido el término para considerar la reconsideración o aun después de haber advenido final y firme la sentencia, cuando dicha moción

---

(7) El menor beneficiario tendría cuatro (4) años y comenzaría su curso escolar en agosto de 1994. Además, adujo que el alimentante Vega Maldonado había contraído segundas nupcias con la Sra. Déborah Sánchez y esa nueva sociedad legal de gananciales tenía la capacidad económica para satisfacer el aumento.

(8) Dispone, en lo pertinente:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, *orden o procedimiento* por ...:

. . . . . . .

"(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia." 32 L.P.R.A. Ap. III, R. 49.2(6).

cumple con los requisitos establecidos en dicha regla". *Pagán v. Alcalde Mun. de Cataño*, supra, pág. 328. Este último trámite es cónsono con nuestra jurisprudencia y no existe razón o fundamento de peso para intervenir y alterar la decisión de aumentar la pensión retroactivamente. Toda revisión se da contra el dictamen y no contra sus fundamentos. La conclusión errónea del tribunal de instancia de que tenía discreción para aumentar la pensión, pues se había extendido el término de la Regla 47, *supra*, en virtud de los tres (3) días de la Regla 68.3, *supra*, no varía el resultado. El efecto de convocar una vista evidenciaría luego de haber sido presentada la reconsideración (fuera de término) no fue otro que —al amparo de la Regla 49.2, *supra*— relevar a las partes de su resolución original para denegar el aumento. Estamos ante un incidente de alimentos, *después* de una sentencia final y *firme* de divorcio. El relevo no es en cuanto a la disolución del matrimonio, sino sobre una negativa a atender una solicitud de alimentos un (1) año y cinco (5) meses después. No existe, pues, impedimento alguno para activar la Regla 49.2 de Procedimiento Civil, *supra*. El ámbito de la Regla 49.2(6), *supra*, y su interpretación liberal es suficientemente amplio. *Pagán v. Alcalde Mun. de Cataño*, supra; *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61 (1987). A fin de cuentas, a estas alturas no se cuestiona que los dictámenes sobre alimentos de menores están revestidos del más alto interés público, susceptibles de ser revisados, sin que pueda oponerse la defensa de cosa juzgada.

*Se dictará sentencia confirmatoria.*

La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri concurrieron con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López no interviene.