EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Tomás Rodríguez Medina<br>Demandantes<br><br>v.<br><br>Dr. David K. Mehne y otros<br>Demandados-recurridos<br><br>Simed<br>Tercero Demandado-peticionario | Certiorari<br><br>2006 TSPR 129<br><br>168 DPR _____ |

Número del Caso: CC-2004-0702

Fecha: 4 de agosto de 2006

Tribunal de Apelaciones:

       Región Judicial de Aibonito

Juez Ponente:

       Hon. Rafael L. Martínez Torres

Abogado de la Parte Demandado-peticionario:

       Lcdo. Luis R. Ramos Cartagena

Abogado de la Parte Demandados-recurridos:

       Lcdo. Julio Eduardo Torres

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Tomás Rodríguez Medina
        Demandantes

               v.

Dr. David K. Mehne y otros
     Demandados-recurridos

                                    CC-2004-702      *Certiorari*

                Simed
Tercero Demandado-peticionario


                        SENTENCIA

En San Juan, Puerto Rico, a 4 de agosto de 2006.

        Los hechos pertinentes del presente caso no están en controversia. La Sra. Torres Zayas presentó una demanda contra el Dr. David K. Mehne por impericia médica (el recurrido). El Dr. Mehne presentó una demanda contra tercero contra el peticionario, el Sindicato de Aseguradores para la Inscripción Conjunta de Responsabilidad Profesional Médico-Hospitalaria (SIMED), para que le ofreciera representación legal y satisficiera la sentencia que recayera una vez concluido el pleito, como parte del convenio de seguro que existía entre ellos. El 22 de octubre de 2003, luego de que tanto SIMED como el Dr. Mehne presentaran mociones solicitando sentencia sumaria, el Tribunal de Primera Instancia emitió una resolución, que tituló *Sentencia Sumaria Parcial*, en

la cual le ordenaba a SIMED proveer representación legal al Dr. Mehne. A pesar de que el Tribunal de Primera Instancia tituló su resolución como *Sentencia Sumaria Parcial* la misma no cumplía con los requisitos de la Regla 43.5 de Procedimiento Cvil, 32 L.P.R.A. Ap. III R. 43.5 (2001), para que pudiera clasificarse como tal, por lo que su "sentencia" era realmente una resolución interlocutoria.[1] Esta resolución fue notificada y archivada en autos el 31 de octubre de 2003.

Oportunamente, el 17 de noviembre de 2003, SIMED presentó una moción de reconsideración. Ese mismo día, el foro de instancia le ordenó a las otras partes presentar sus posiciones sobre la moción de reconsideración. Sin embargo, esta orden fue notificada y archivada en autos el 15 de diciembre de 2003, 14 días después de que transcurrieran los 30 días de haberse emitido la resolución interlocutoria. El 26 de febrero de 2004, el Tribunal de Primera Instancia denegó la moción de reconsideración. La resolución a esos efectos fue notificada y archivada en autos el 2 de marzo de 2004.

Inconforme con la determinación del Tribunal de Primera Instancia, SIMED presentó recurso de *Certiorari* ante el Tribunal de Apelaciones el 1[ro] de abril de 2004, 30 días después de que se emitiera la resolución considerando su moción de reconsideración. El Tribunal de Apelaciones denegó la petición de Certiorari de SIMED, porque concluyó que el

---

[1] La *Sentencia Sumaria Parcial* no contaba con la conclusión expresa de que no existía razón para posponer dictar sentencia sobre la reclamación hasta la resolución total del pleito. A esta misma conclusión llegó el Tribunal de Apelaciones en su resolución de 30 de abril de 2004.

recurso fue presentado fuera del término sin que existiera justa causa o circunstancias extraordinarias que justificaran la tardanza.[2] El Tribunal de Apelaciones resolvió que el recurso fue presentado fuera del término por entender que la presentación de la moción de reconsideración por SIMED no interrumpió el término para recurrir en alzada. Según el tribunal apelativo, aunque el tribunal de instancia actúo dentro del término dispuesto para ello por la Regla 47, la notificación de la decisión fuera de ese plazo hizo que el término para recurrir no fuera interrumpido. Por esta razón, el Tribunal de Apelaciones resolvió que el término para que SIMED pudiera recurrir de la resolución en la que se denegaba la reconsideración había vencido el $1^{ro}$ de diciembre de 2003, 30 días después de que fuera emitida.

El Tribunal de Apelaciones se negó a reconsiderar su decisión. SIMED acude ante nosotros señalando que la apreciación de ese foro sobre la presentación tardía de su recurso fue errónea. En apoyo de esta contención SIMED argumenta, en esencia, que la Regla 47 de Procedimiento Civil no es de aplicación a este caso porque se trata de una resolución interlocutoria; y en la alternativa, que si la Regla 47 le aplicara a la reconsideración de resoluciones interlocutorias, SIMED, por los hechos de este caso, no estaría sujeto a la norma establecida en Caro Ortiz v. Cardona Rivera, 2003 T.S.P.R. 11.

Luego de examinar detenidamente el asunto, este Tribunal ha acordado revocar el dictamen del Tribunal de Apelaciones y

---

[2] El Juez Brau Ramírez emitió un voto disidente.

devolver el caso al foro de instancia para que se continúe con los procedimientos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. La Jueza Asociada señora Fiol Matta emitió una opinión concurrente a la cual se unen el Juez Asociado señor Rebollo López y la Jueza Asociada señora Rodríguez Rodríguez. El Juez Asociado señor Rivera Pérez emitió también una opinión concurrente. El Juez Presidente señor Hernández Denton y el Juez Asociado señor Fuster Berlingeri disienten sin opinión.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Tomas Rodríguez Medina y otros
      Demandantes

        v.

  Dr. David K. Mehne y otros          CC-2004-702
    Demandados-Recurridos

        v.

        SIMED
     Tercero demandado-
       Peticionario

Opinión Concurrente emitida por el Juez Asociado señor Rivera Pérez

San Juan, Puerto Rico, a 4 de agosto de 2006.

Concurro con la decisión de este Tribunal de revocar la resolución recurrida. No obstante, entendemos conveniente expresarnos sobre la aplicación del término de quince (15) días dispuesto por la Regla 47 de Procedimiento Civil a las resoluciones u órdenes interlocutorias.

I

En el presente caso se recurrió ante el Tribunal de Apelaciones de una **resolución interlocutoria** emitida por el Tribunal de Primera Instancia. De conformidad con la Regla 53.1 de

CC-2004-702

Procedimiento Civil[3], el término de cumplimiento estricto para acudir de la referida determinación ante el foro intermedio apelativo es de treinta (30) días, contados a partir de la fecha de la notificación de la resolución.

Existen mecanismos procesales cuya utilización tiene el efecto de interrumpir ese término. Entre ellos está el mecanismo procesal de la moción de reconsideración contemplado por la Regla 47 de Procedimiento Civil[4] *supra*, que al momento de los hechos disponía lo siguiente:

> **La parte adversamente afectada** por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de la notificación de la resolución u orden o, desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de *certiorari* se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de *certiorari* con un término jurisdiccional ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de *certiorari* con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se

---

[3] 32 L.P.R.A., Ap. III.

[4] Íd.

entenderá que la misma ha sido rechazada de plano.
[Énfasis suplido]

El referido mecanismo tiene como propósito principal brindar una oportunidad al Tribunal de Primera Instancia que dictó la sentencia o resolución interlocutoria cuya reconsideración se solicita, para que pueda enmendar o corregir los errores en que hubiese incurrido al emitirla.[5] Pretende, además, evitar que el mecanismo procesal de la solicitud de reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial.[6]

Hemos expresado que si el foro primario no toma ninguna acción con respecto a una moción de reconsideración oportunamente presentada, dentro de diez (10) días de haber sido radicada, se considerará que el término para la revisión en alzada del dictamen judicial en cuestión no ha sido interrumpido por la referida moción.[7] Del mismo modo, hemos resuelto que, aunque hayan transcurrido los diez (10) días referidos sin que el foro de primera instancia haya tomado alguna acción con respecto a la moción de reconsideración, el término para la revisión en alzada sí queda interrumpido, si el tribunal *a quo* decide acoger luego la moción de reconsideración antes de que haya

---

[5] Lagares v. E.L.A., 144 D.P.R. 601 (1997).

[6] Íd.

[7] Íd.; Pagán v. Alcalde Mun. Cataño, 149 D.P.R. 314 (1993); Villanueva v. Hernández Class, 128 D.P.R. 618 (1991); El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791 (1965).

expirado el término para interponer el recurso de apelación.[8] Una vez interrumpido el término para recurrir en alzada de una resolución u orden interlocutoria del Tribunal de Primera Instancia, por haberse acogido debidamente por ese foro una moción de reconsideración, el término para recurrir al Tribunal de Apelaciones comienza a transcurrir nuevamente en el momento en que se notifica la resolución del foro primario resolviendo definitivamente la referida moción.[9]

En <u>Vega Maldonado v. Alicea Huacuz</u>[10], resolvimos que el término de quince (15) días que tienen las partes para presentar una moción de reconsideración en virtud de la Regla 47 de Procedimiento Civil, *supra*, aplica a sentencias, **resoluciones y órdenes interlocutorias**. Allí expresamos lo siguiente:

> El término de la Regla 47, *supra*, es fatal. [citas omitidas] Sin embargo, se ha quedado en el tintero si igual solución rige en cuanto a las resoluciones y órdenes. **Una teoría que ha sido acogida por el reputado Tribunal de Apelaciones, presenta que el término es directivo, pues las órdenes y resoluciones interlocutorias carecen de finalidad y, por ende, contra ellas no transcurren términos jurisdiccionales. Según ésta, el tribunal conserva facultad de corregirlas antes de que termine el pleito.**[11]
> La dificultad de este enfoque radica en que esos dictámenes – salvo una reconsideración

---

[8] Íd.

[9] Véase, Regla 47 de Procedimiento Civil, *supra*.

[10] 145 D.P.R. 236 (1998).

[11] Citando, entre otros, H.A. Sánchez Martínez, <u>La reconsideración de resoluciones y órdenes interlocutorias y de sentencias finales</u>, XV Rev. Jur. U.I.A. 367 (1981).

oportuna o que en alzada se deje sin efecto – **ponen fin a incidentes dentro del proceso litigioso escalonado. Negarle finalidad es simplemente poner en entredicho ante abogados y partes la certeza, seriedad y autoridad que debe caracterizar nuestro sistema procesal-adjudicativo en todas sus etapas críticas antes de que se dicte sentencia e, incluso, luego de ser dictada.**[12] [Énfasis suplido]

Advertimos que interpretarlo de otra forma afectaría, no sólo el mecanismo procesal contemplado en la referida Regla 47, *supra*, sino el crucial término que transcurre simultáneamente con la reconsideración, el periodo para acudir mediante una petición de *certiorari* ante el foro intermedio apelativo.[13]

Por otro lado, la Regla 43.5 de Procedimiento Civil, *supra*, también regula la reconsideración de resoluciones interlocutorias. Específicamente dispone lo siguiente:

Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra terceros o figuren en él partes múltiples el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.

Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que ella respecta los términos dispuestos en las Reglas 47, 48 y 53.

En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa como se denomine, que adjudique menos del total de las reclamaciones o

---

[12] Vega Maldonado v. Alicea Huacuz, *supra*, pág. 241-242.

[13] Íd.

> los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes **y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia** adjudicando todas las reclamaciones y los derechos y obligaciones de las partes. [Énfasis suplido]

Hemos expresado que las sentencias parciales no se convierten en finales *sua sponte*. Para ello, el juez debe concluir que no hay razón que justifique seguir el juicio sin dictar sentencia final en relación con una parte o reclamación y ordenar expresamente que se registre y archive en autos copia de la notificación de la sentencia.[14] De lo contrario, se tratará de una resolución interlocutoria que no termina el pleito, y estará sujeta a reconsideración **por el tribunal** en cualquier momento antes de dictarse la sentencia final que adjudique todas las reclamaciones.[15]

Finalmente, como principio de aplicación general, una parte no renuncia a plantear por apelación ante el Tribunal de Apelaciones un error cometido por el Tribunal de Primera Instancia en una resolución interlocutoria.[16] Ello puede

---

[14] Ramos v. Colón Figueroa, 153 D.P.R. 534 (2001); U.S. Fire Ins. v. A.E.E., 151 D.P.R. 962 (2000).

[15] Véase, Regla 43.5 de Procedimiento Civil, *supra*; Ramos v. Colón Figueroa, *supra*.

[16] Véase, Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658 nota al calce 2 (1997). Sin embargo, en Pueblo v. Hernández Santana, 138 D.P.R. 577 (1995), expresamos que "[n]o estamos resolviendo que no tiene derecho a plantearlo en apelación. Lo que estamos resolviendo es que *no* estamos en disposición de, *automáticamente y sin más*, avalar dicha "estrategia

hacerse cuando se dicta la sentencia final, si ésta le resulta adversa y aún estima importante revisar la determinación interlocutoria por afectar ésta la decisión final del caso.[17]

### III

En el presente caso el foro primario emitió una resolución interlocutoria que tituló Sentencia Sumaria Parcial[18] el **22 de octubre de 2003.** La referida resolución se notificó a las partes el **31 de octubre de 2003.** Oportunamente, el **17 de noviembre de 2003**, la aquí peticionaria, SIMED, solicitó su reconsideración. Ese mismo día, es decir el **17 de noviembre de 2003**, el foro primario ordenó a las otras partes a exponer su posición respecto a la reconsideración solicitada en un término de treinta (30) días. La referida orden fue notifica a las partes el **15 de diciembre de 2003.** El **26 de febrero de 2004** el foro primario denegó la moción de reconsideración. Copia de su notificación a las partes fue archivada en autos el **2 de marzo de 2004.**

---

forense"; una que resulta sumamente perjudicial a una eficiente y sana administración de la justicia en nuestra jurisdicción". Íd., pág. 586. Véase, además, H.A. Sánchez Martínez, Práctica Jurídica de Puerto Rico, Derecho Procesal Apelativo, Lexis Nexis, San Juan, P.R., 2001, sec. 1803, págs. 394-395.

[17] Bco. Popular de P.R. v. Mun. de Aguadilla, *supra*.

[18] El escrito en cuestión es en realidad una resolución interlocutoria porque no cumple con los requisitos de la Regla 43.5 de Procedimiento Civil, *supra*. Es decir, la misma no contaba con la conclusión expresa de que no existía causa para posponer dictar sentencia sobre la reclamación hasta la resolución total del pleito.

CC-2004-702

Aún insatisfecha, SIMED acudió al foro intermedio apelativo mediante recurso de *certiorari*. El referido foro denegó el recurso ante su consideración por entender que el mismo fue presentado fuera de término. Sostuvo que la presentación de la moción de **reconsideración** por SIMED ante el Tribunal de Primera Instancia no interrumpió el término para acudir en alzada. Concluyó que aunque el foro primario actuó dentro del término dispuesto para ello en la Regla 47 de Procedimiento Civil, *supra*, la notificación de la decisión fuera de ese plazo hizo que el término para recurrir no fuera interrumpido. Puntualizó, sin embargo, que el recurso estaría a tiempo sino fuera por la norma sentada en Caro Ortiz v. Cardona Rivera[19].

No compartimos la idea de que como las resoluciones interlocutorias no constituyen sentencias finales y pueden ser revisadas **por el tribunal** en cualquier momento antes de que se resuelvan todas las controversias en el pleito, los términos provistos por la Regla 47 de Procedimiento Civil, *supra*, no son de aplicación a las resoluciones interlocutorias. Tampoco compartimos la idea de que existe una "inconsistencia" entre la Reglas 43.5 y 47 de Procedimiento Civil, *supra*.

Lo anterior tendría el efecto de revocar *sub silentio* la norma establecida por este Tribunal en Vega Maldonado v. Alicea Huacuz, *supra*. Allí **rechazamos expresamente** la teoría de que el término dispuesto en la Regla 47 de

---

[19] 2003 T.S.P.R. 11, 2003 J.T.S. 13, 158 D.P.R. ___ (2003).

Procedimiento Civil, *supra*, no era de aplicación por tratarse de una resolución interlocutoria. Allí, **resolvimos expresamente** que el término de quince (15) días dispuesto en la Regla 47 de Procedimiento Civil, *supra*, aplica a las mociones de reconsideración presentadas por una parte adversa sobre sentencias, **resoluciones y órdenes**.

Por ello, no encontramos inconsistencia alguna entre ambas disposiciones reglamentarias. Por un lado, la Regla 47 de Procedimiento Civil, *supra*, regula el término que tienen **las partes** para solicitar al Tribunal de Primera Instancia que emitió la resolución, orden o sentencia en cuestión, que reconsidere su dictamen. Es decir, solicitarle al foro primario que pueda enmendar o corregir los errores que hubiese incurrido al emitir su pronunciamiento.

Por otra parte, la Regla 43.5 de Procedimiento Civil, *supra*, contempla la facultad **del tribunal** de reconsiderar *motu proprio* **su** dictamen en cualquier momento antes de dictarse la sentencia que adjudique todas las reclamaciones.[20] Es decir, reconoce la facultad **del tribunal** de descargar el poder inherente que se le reconoce en lo que atañe a su responsabilidad de conducir el trámite judicial. Pero tal facultad, conforme al lenguaje **expreso** de las regla antes citada, es **del tribunal** y no deja al arbitrio de las partes presentar una moción al amparo de la

---

[20] Véase, Regla 43.5 de Procedimiento Civil, *supra*; Ramos v. Colón Figueroa, *supra*.

CC-2004-702

Regla 47 de Procedimiento Civil, *supra*, en el momento que lo prefieran.

Por ello, y en virtud del lenguaje **expreso** de la Regla 47 de Procedimiento Civil, *supra*, y lo resuelto por este Tribunal en <u>Vega Maldonado v. Alicea Huacuz</u>, *supra*, los términos contenidos en la referida disposición reglamentaria son de aplicación a sentencias, **resoluciones y órdenes**.

Otra interpretación desnaturalizaría el mecanismo procesal contemplado por la Regla 47 de Procedimiento Civil, *supra*, y su efecto interruptor sobre el término dispuesto por ley para que la parte afectada pueda acudir mediante recurso de *certiorari* al Tribunal de Apelaciones. Nos preguntamos ¿qué efecto interruptor tendría una moción de reconsideración presentada una vez transcurrido el término de treinta (30) días para acudir al foro intermedio apelativo mediante recurso de *certiorari*? ¿para qué existe el referido término que permite a las partes acudir ante el Tribunal de Apelaciones, si queda al entero arbitrio de las partes presentar una moción de reconsideración en el momento que lo prefieran? Concluir que el término de quince (15) días dispuesto por la Regla 47 de Procedimiento Civil, *supra*, no es aplicable a las resoluciones interlocutorias operaría en contra de la sana administración de la justicia.

Finalmente, conviene aclarar que lo resuelto por este Tribunal en Caro Ortiz v. Cardona Rivera, *supra*, tampoco es de aplicación al presente caso. Nos explicamos.

En Caro Ortiz v. Cardona Rivera, *supra*, se trataba de un recurso de **apelación** para recurrir de una **sentencia final** emitida por el Tribunal de Primera Instancia. En virtud de la Regla 53.1 de Procedimiento Civil[21], el término **jurisdiccional** establecido por ley para recurrir de ese dictamen es de treinta (30) días, contados a partir del archivo en autos de copia de la notificación de la sentencia.[22] Por tratarse de un término jurisdiccional, una vez transcurrido el referido término de treinta (30) días, la sentencia se convierte en **final, firme e inapelable** y el Tribunal de Primera Instancia pierde jurisdicción sobre el asunto. Ello, por tratarse de un término fatal, improrrogable e insubsanable, como lo es un término jurisdiccional.[23] Era razonable discutir, en aquel momento, si el foro primario gozaba de jurisdicción para considerar la moción de reconsideración presentada por una de las partes. Era necesario evaluar si la consideración por el Tribunal de Primera Instancia de la referida moción tuvo el efecto de interrumpir el término **jurisdiccional** dispuesto en dicho caso para recurrir en apelación de la sentencia en

_____

[21] 32 L.P.R.A., Ap. III.

[22] Íd.

[23] Véase, Regla 53.1(g) de Procedimiento Civil, *supra*; Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1 (2000).

cuestión.[24] Sin embargo, la norma adoptada en <u>Caro Ortiz v. Cardona Rivera</u>, *supra*, debe ser interpretada a la luz de sus hechos particulares.

Contrario a lo ocurrido en <u>Caro Ortiz v. Cardona Rivera</u>, *supra*, en el presente caso se recurrió ante el Tribunal de Apelaciones de una **resolución interlocutoria** emitida por el Tribunal de Primera Instancia. Como antes señalamos, el término **de cumplimiento estricto** para acudir de la referida determinación ante el foro intermedio apelativo es de treinta (30) días, contados a partir de la fecha de la notificación de la resolución.[25]

Existe una diferencia conceptual con **efectos jurídicos distintos** entre lo que es un requisito de cumplimiento estricto y uno jurisdiccional.[26] Contrario a un término de carácter jurisdiccional, cuando se trata de un término de cumplimiento estricto, el Tribunal de Primera Instancia no está atado al automatismo que conlleva el requisito jurisdiccional y puede proveer justicia según lo ameritan las circunstancias.[27]

---

[24] <u>Souffront et al. v. A.A.A.</u>, 2005 T.S.P.R. 49, 2005 J.T.S. 56, 164 D.P.R. ___ (2005); <u>Morán v. Marti</u>, 2005 T.S.P.R. 112, 2005 J.T.S. 117, 165 D.P.R. ___ (2005); <u>Ponce Fed. Bank v. Chubb Life Ins. Co</u>, 2001 T.S.P.R. 140, 2001 J.T.S. 145, 155 D.P.R. ___ (2001).

[25] Véase, Regla 53.1(g) de Procedimiento Civil, *supra*.

[26] <u>Arriaga v. F.S.E</u>, 145 D.P.R. 122(1998); <u>Loperena Irizarry v. E.L.A.</u>, 106 D.P.R. 357 (1977).

[27] Véase, <u>Lugo v. Suárez</u>, 2005 T.S.P.R. 136, 165 D.P.R. ___ (2005); <u>Rojas v. Axtmayer, Ent., Inc.</u>, 150 D.P.R. 560, 564 (2000); <u>Loperena Irizarry v. E.L.A.</u>, *supra*. El Tribunal de Apelaciones tiene discreción para prorrogar el referido

Por tratarse el caso de autos, de una resolución interlocutoria, a diferencia de una sentencia final donde el Tribunal de Primera Instancia pierde su jurisdicción al transcurrir el término jurisdiccional para recurrir en alzada, el foro primario tenía jurisdicción para reconsiderar su dictamen. Esto es, el **15 de diciembre de 2003**, el foro primario gozaba de **plena facultad** para reconsiderar su dictamen anterior y así lo hizo. Como resultado de ello, dicho foro emitió un nuevo dictamen sobre el asunto, que fue notificado a las partes el **2 de marzo de 2004**. Por lo tanto, no vemos por qué debemos concluir que el recurso de *certiorari* de SIMED, presentado en el Tribunal de Apelaciones el **1 de abril de 2004**, resulta tardío.

Por los fundamentos expuestos, revocaríamos la resolución recurrida, emitida por el Tribunal de Apelaciones y devolveríamos el caso a dicho foro para que continúe con los procedimientos.

---

término cuando se justifique detalladamente la existencia de una justa causa para la tardanza o incumplimiento.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Tomás Rodríguez Medina
        Demandantes

              v.

Dr. David K. Mehne y otros
    Demandados-recurridos

                                    CC-2004-702

                                              *Certiorari*

              Simed
Tercero Demandado-peticionario


Opinión Concurrente emitida por la JUEZA ASOCIADA SEÑORA FIOL MATTA a la cual se unen el JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ Y LA JUEZA ASOCIADA SEÑORA RODRÍGUEZ RODRÍGUEZ


En San Juan, Puerto Rico, a 4 de agosto de 2006.

Coincido en que debemos revocar al Tribunal de Apelaciones en este caso. Entiendo, no obstante, que no debemos desaprovechar la oportunidad para expresarnos sobre la incongruencia entre la Regla 43.5 de Procedimiento Civil y la Regla 47, y resolver de una vez si las normas que se derivan de la Regla 47 aplican por igual a los dictámenes finales, a las resoluciones interlocutorias y a las órdenes del Tribunal de Primera Instancia. Por esta razón, formulo la presente opinión concurrente. Entiendo, por los fundamentos que expongo a continuación, que los términos establecidos en la Regla 47 para la consideración de las mociones de reconsideración y las pautas para la interrupción

de los términos para recurrir al foro apelativo, así como la jurisprudencia que interpreta estas disposiciones, no son aplicables a la reconsideración de resoluciones u órdenes interlocutorias.

I

Los hechos pertinentes del presente caso están muy bien reseñados en la sentencia de este Tribunal. Por tanto, procederé directamente a la discusión del asunto procesal en controversia.

Nuestras Reglas de Procedimiento Civil regulan la reconsideración de sentencias interlocutorias en dos disposiciones distintas. Por una parte, la Regla 43.5, 32 L.P.R.A. Ap. III R. 43.5 (2001), dispone que:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra terceros o figuren en él partes múltiples el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.
>
> **Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final** para todos los fines en cuanto a la controversia en ella adjudicada, **y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que ella respecta los términos dispuestos en las Reglas 47, 48 y 53.**
>
> **En ausencia de la referida conclusión y orden expresa,** cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones o los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes y **la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones y los derechos y obligaciones de las partes.** (Énfasis suplido).

De otro lado, la Regla 47, 32 L.P.R.A. Ap. III R. 47 (2001), en la versión vigente al momento de los hechos de este caso, establecía, en lo pertinente, que:[28]

> **La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de la notificación de la resolución u orden o, desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia.** El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de *certiorari* se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de *certiorari* con término jurisdiccional ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de *certiorari* con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.
> . . . .
> (Énfasis suplido).

De una lectura del texto de ambas reglas surge claramente que éstas están en contraposición. La Regla 47 incluye, entre las mociones de reconsideración que están sujetas a los términos y las pautas establecidos en ésta, a las mociones de reconsideración de resoluciones interlocutorias del foro de instancia. Sin embargo, la Regla 43.5 categóricamente dispone que las resoluciones interlocutorias serán revisables por los tribunales que las

---

[28] El cambio que introdujo, posterior a los hechos de este caso, la Ley núm. 520 de 29 de septiembre de 2004 al texto de la Regla 47 de Procedimiento Civil no alteró en nada las disposiciones de esta regla en lo referente a la reconsideración de resoluciones interlocutorias, por lo que nuestra discusión al respecto es igualmente aplicable a la regla hoy día vigente.

emitan en cualquier momento antes que se registre la sentencia adjudicando todas las reclamaciones y los derechos y las obligaciones de las partes. Además, la Regla 43.5 establece solamente que será contra las sentencias finales que correrán los términos dispuestos en la Regla 47. Entiendo que el tribunal debió aprovechar la oportunidad que brinda este caso para poner fin a esta inconsistencia, y resolver de una vez si las normas que se derivan de la Regla 47 de Procedimiento Civil aplican por igual a los dictámenes finales, a las resoluciones interlocutorias y a las órdenes del Tribunal de Primera Instancia.

II

La discrepancia entre estas dos reglas tiene una explicación histórica. La práctica de presentar mociones de reconsideración en contra de sentencias, órdenes y resoluciones es una costumbre firmemente establecida en nuestro ordenamiento. De hecho, en el inicio del siglo XX, los abogados puertorriqueños presentaban estas mociones y los tribunales las consideraban aun cuando nuestro Código de Enjuiciamiento Civil no proveía para esto. La práctica estaba tan generalizada que la Corte de Apelaciones para el Primer Circuito, foro al que se apelaban las decisiones de nuestro Tribunal Supremo, resolvió que la presentación de una moción de reconsideración suspendía el término para apelar. Esto a su vez propició que los litigantes utilizaran las mociones de reconsideración como una práctica dilatoria. Por eso, ante la ausencia de legislación que regulara la presentación de las mociones de reconsideración y sus efectos en el trámite del litigio, y el pedido de los tribunales para que esta práctica se reglamentara, la Asamblea Legislativa enmendó el Código de Enjuiciamiento Civil para sistematizar la presentación de estas mociones. *Véase* Hiram A. Sánchez Martínez, <u>La</u>

reconsideración de resoluciones u órdenes interlocutorias y
de sentencias finales, 15 Rev. Jur. U.I.P.R. 367, 369-70
(1981); Dávila v. Collazo, 50 D.P.R. 494 (1936); Saurí v.
Saurí, 45 F. 2d 90 (1930). El artículo 292 del Código de
Enjuiciamiento Civil se enmendó para que dispusiera que
cualquier parte agraviada podía solicitar una reconsideración
desde el archivo en autos de una copia de la notificación de
la sentencia o de la resolución.[29]

Este artículo del Código de Enjuiciamiento Civil hacía
referencia tanto al archivo en autos de la copia de la
notificación de las sentencias como a las resoluciones,

_____

[29] El artículo 292 del Código de Enjuiciamiento establecía
que:

> Una sentencia o providencia, dictada en un pleito
> civil, excepto cuando hubiere adquirido
> expresamente el carácter de definitiva y firme,
> podrá ser revisada de acuerdo con lo prescrito en
> este código, y de ningún otro modo.
>
> Cualquier parte agraviada por una sentencia o
> resolución de una corte de distrito en una acción
> civil podrá, dentro del término improrrogable de
> quince días desde la fecha del archivo en los autos
> de una copia de la notificación de la sentencia o
> dentro del término improrrogable de cinco días
> desde la fecha del archivo en los autos de una
> copia de la notificación de haberse dictado la
> resolución, radicar en la corte que hubiere dictado
> la sentencia o resolución una petición exparte para
> la revisión o reconsideración de su sentencia o
> resolución, haciendo constar en ella los hechos y
> los fundamentos de derecho sobre los cuales se basa
> la solicitud. La corte deberá resolver la moción de
> reconsideración dentro de los cinco días después de
> haberse radicado, y si la corte rechazare de plano
> la petición, el término para apelar de la sentencia
> o resolución de cuya revisión se trate se computará
> en la forma prevista por este código, como si no se
> hubiese presentado petición alguna de revisión o
> reconsideración. Si la corte resolviere
> reconsiderar su sentencia o resolución u oír a las
> partes sobre la moción de reconsideración, el
> término para apelar se computará desde la fecha del
> archivo, como parte de los autos del caso, de una
> copia de la notificación hecha por el secretario de
> la corte a la parte perdidosa de la resolución
> definitiva del tribunal.

Artículo 292 del Código de Enjuiciamiento de 1904 según
enmendado por la Ley núm. 67 de 8 de mayo de 1937.

porque contrario a lo que está dispuesto en nuestro ordenamiento procesal civil hoy día, tanto las sentencias como las resoluciones eran apelables.[30] Al ser apelables las resoluciones el secretario del tribunal debía notificarlas por escrito y archivar copia de esta notificación como se hacía con las sentencias. Sin embargo, el término para presentar las mociones era distinto si se trataba de una apelación o de una resolución, ya que los términos para presentar el recurso de apelación eran también distintos. Artículo 295 del Código de Enjuiciamiento de 1904. *Véase además* Hiram A. Sánchez Martínez, *supra,* págs. 371-72.

Hoy día, la Regla 47 de Procedimiento Civil mantiene un trato diferente en cuanto a la reconsideración de sentencias y la reconsideración de resoluciones interlocutorias. Esta

---

[30] El artículo 295 del Código de Enjuiciamiento civil establecía que el recurso de apelación podía ser presentado contra sentencias finales de la corte de Distrito como en contra de resoluciones dictadas en siete situaciones en específico. El texto de este artículo es el siguiente:

> Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:
>
> 1. De una sentencia definitiva pronunciada en un pelito o procedimiento especial, comenzando en la corte que la hubiere dictado, **dentro de un mes después de haberse registrado la sentencia.**
>
> 2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, **dentro de los quince días después de registrada dicha sentencia**, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.
>
> 3. **De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un injuction; negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría.**

Artículo 295 del Código de Enjuiciamiento de 1904. (énfasis suplido).

regla establece que el término para solicitar reconsideración de  una resolución comienza a correr desde la fecha de la notificación, mientras que el término para la presentación de una moción de reconsideración de una sentencia comienza a transcurrir desde el archivo en autos de una copia de la notificación. Esta diferencia obedece al sistema actual de notificación para estas decisiones del tribunal, que en última instancia responde al hecho de que las resoluciones interlocutorias no son apelables. Sin embargo, una vez nos adentramos en la evolución de estas disposiciones nos percatamos que la mención de las mociones de reconsideración de resoluciones interlocutorias en esta regla parece ser un simple vestigio, un resto histórico. Veamos.

Cómo mencionara, la inclusión de las resoluciones interlocutorias en la primera regla que se adoptó en Puerto Rico sobre la reconsideración de las decisiones de los tribunales se debió a que las resoluciones interlocutorias eran apelables. De hecho, las resoluciones fueron apelables hasta 1958 cuando se enmendó la *Ley de la judicatura* de 1952 para que fueran, al igual que lo son hoy día, sólo revisables mediante el recurso de *certiorari*. Véase Ley Núm. 115 de 26 de junio de 1958. Este cambio a la *Ley de la Judicatura de 1952* se hizo después de que se redactaron y se remitieron a la Asamblea Legislativa las Reglas de Procedimiento Civil de 1958, pero antes de que éstas fueran aprobadas. Es por eso que a pesar de este cambio en cuanto  al carácter apelable de las resoluciones interlocutorias, la Legislatura no enmendó el texto de la Regla 47 de las Reglas de Procedimiento Civil de 1958, que vino a remplazar el artículo 292 del Código de Enjuiciamiento Civil,[31]  y éste retuvo el lenguaje del

---

[31] El artículo 292 del Código de Enjuiciamiento Civil estuvo vigente hasta 1958, ya que las Reglas de Procedimiento Civil no dispusieron nada sobre las mociones de reconsideración y

artículo 292 del Código de Enjuiciamiento Civil en cuanto a la reconsideración de las resoluciones interlocutorias.[32] Igualmente, esta nueva regla estableció cuáles acciones del tribunal interrumpirían el término para apelar tanto las resoluciones como las sentencias, a pesar que las resoluciones interlocutorias cuando entraron en vigor las Reglas de Procedimiento de 1958 no eran ya apelables.

Esta contradicción trajo como consecuencia que a pesar de desaparecer el derecho de apelación de las resoluciones interlocutorias no desapareciese también la idea de que existían términos para reconsiderar estas decisiones y se comenzara a hablar de términos jurisdiccionales respecto a resoluciones que no eran finales y que por virtud de la *Ley de la Judicatura* no eran apelables ni revisables. Hiram A. Sánchez Martínez, *supra,* pág. 374. No obstante, no tenía – y no tiene – sentido hablar de un término fatal o jurisdiccional después del cual el tribunal quedaría privado

los términos para apelar. Véase <u>López Rivera v. Autoridad de las Fuentes Fluviales</u>, 89 D.P.R. 414(1963); Ángel L. Tapia Flores, <u>Poder de los tribunales para reconsiderar sus sentencias y resoluciones</u>, 28 Rev. Col. Abo. 139, 141 (1967).

[32] La Regla 47 de las Reglas de Procedimiento Civil de 1958 disponía que:

> **La parte agraviada por la sentencia o por una resolución podrá, dentro del término de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o dentro del término de 5 días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, presentar una moción de reconsideración de la sentencia o resolución.** El tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para oír a las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. **Si señalare vista para oír a las partes, el término para apelar empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción.** Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano. (énfasis suplido).

de reconsiderar una resolución u orden que no pone fin al litigio y que no es revisable ni apelable.

Este análisis encuentra también respaldo en nuestra decisión en el caso de El Mundo v. Tribunal Superior, 92 D.P.R. 791 (1965). En ese caso, fundamentándonos, en parte, en el poder inherente de los tribunales de reconsiderar sus propias determinaciones resolvimos, bajo el esquema de las Reglas de Procedimiento Civil de 1958, que

> **una vez presentada en tiempo la moción de reconsideración, y resuelta por el Tribunal declarándola sin lugar de plano**, bien por acción afirmativa o bien por inacción dentro de los 5 días de su presentación, **el Tribunal no queda privado de su facultad para reconsiderar esa actuación suya** si considera que en realidad la moción de reconsideración plantea una cuestión sustancial y meritoria y que en bien de la justicia debe señalar una vista para oír a las partes, **siempre que ya no se le haya privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o de revisión o no haya expirado el término para interponer dichos recursos.** No puede cuestionarse seriamente que cuando el Tribunal dicta una resolución rechazando de plano una moción de reconsideración, tenga facultad, si se ha equivocado, para reconsiderar su resolución ya a solicitud de parte o sua sponte. No hay razón legal alguna para aplicar una doctrina distinta, cuando por virtud de la Regla 47[de las Reglas de Procedimiento Civil de 1958], la moción de reconsideración se entiende rechazada de plano si el Tribunal no ha actuado sobre la misma dentro del susodicho término de 5 días. No entendemos la Regla 47 [de las Reglas de Procedimiento Civil de 1958] como indicativa de que una vez rechazada de plano la reconsideración, prive al Tribunal de jurisdicción para dejar sin efecto tal resolución y señalar la moción para vista siempre que lo haga en tiempo. (énfasis suplido).

Este razonamiento parece estar latente en la decisión de este Tribunal en Torres Cruz v. Municipio de San Juan, 103 D.P.R. 217 (1975). En este caso se dictó una resolución interlocutoria y expirado el "término" para la reconsideración se llevó el mismo asunto ante la consideración de un segundo juez. El segundo juez resolvió que no podía intervenir por mandato de la doctrina de la ley del caso. Revocamos y sostuvimos que el segundo juez no

estaba obligado por lo resuelto por el primero **17 meses** antes, ya que un juez de igual jerarquía no está obligado a "mantener incólume" la decisión de otro juez en el mismo caso. Torres Cruz v. Municipio de San Juan, *supra*, pág. 222.

La decisión de este Tribunal en ese caso encuentra apoyo no sólo en la acertada apreciación de que la doctrina de la ley del caso no es una regla inviolable sino en considerar la solicitud ante el segundo juez como una moción de reconsideración de una resolución interlocutoria que fue presentada a tiempo por las razones que ya expresamos. Si como resolvimos en el caso de El Mundo v. Tribunal Superior, *supra*, no existía impedimento bajo las Reglas de Procedimiento Civil de 1958 para que un tribunal reconsiderara una sentencia aunque hubiera rechazado de plano una moción de reconsideración por acción afirmativa o por el transcurso del término para atenderla, no podía existirlo tampoco para que se reconsideraran resoluciones interlocutorias en cualquier momento antes que se registrase la sentencia adjudicando todas las reclamaciones y los derechos y las obligaciones de las partes, en otras palabras, antes que se dispusiera de la totalidad del caso.

Este razonamiento es igualmente válido en el marco de nuestro ordenamiento procesal civil actual. La contradicción que trajo el mantener el lenguaje del artículo 292 del Código de Enjuiciamiento Civil, a pesar de que en virtud de la Ley de la judicatura de 1952 las resoluciones interlocutorias ya no eran apelables, se manifiesta también en las Reglas de Procedimiento Civil de 1979. Éstas, como sabemos, incluyeron las resoluciones interlocutorias y las órdenes dentro de la regulación de la Regla 47, a pesar que otra regla, la Regla 43.5, claramente dispone que las resoluciones interlocutorias serán revisables por los tribunales que las emitan en

cualquier momento antes que se registre la sentencia adjudicando todas las reclamaciones y los derechos y obligaciones de las partes. Se impone la necesidad de resolver esta contradicción.

La regla 43.5 está inspirada en la Regla 54(b) de las Reglas de Procedimiento Civil Federal. *Véase* comentarios a la Regla 43.5, 32 L.P.R.A. Ap. III R. 43.5 (2001). Se trata de una disposición que no representa ningún problema en la jurisdicción federal porque en ésta los tribunales tienen el poder para en cualquier momento variar una resolución, orden, o sentencia que no ha advenido final o que no es definitiva. Véase, <u>John Simmons Co. v. Grier Bros. Co.</u>, 258 U.S. 82 (1922). En nuestra jurisdicción no debe representar tampoco ningún problema, dado que en ésta las resoluciones interlocutorias tampoco son decisiones finales. Por el contrario, pueden ser revisadas al final del pleito junto con la sentencia final o en cualquier momento antes de que se solucionen todas las controversias en el pleito. Siendo ello así, resulta evidente que la mención de las resoluciones interlocutorias y de las órdenes en la actual Regla 47 de Procedimiento Civil, como ya explicara, es una simple inadvertencia histórica. Por eso, no hay razón para entender que la reconsideración de resoluciones interlocutorias deba estar sujeta a un término, siempre que se haga antes que se registre la sentencia adjudicando todas las reclamaciones y los derechos y las obligaciones de las partes.

### III

Por todo lo anterior, resolvería que los términos establecidos en la Regla 47 para la consideración de las mociones de reconsideración, las pautas dispuestas en esta regla para la interrupción de los términos para recurrir al foro apelativo, y la jurisprudencia interpretando esta regla

no son aplicables a la reconsideración de resoluciones u órdenes interlocutorias. La regla 43.5 es la regla de aplicación para la reconsideración de órdenes y resoluciones interlocutorias. Solamente contra las sentencias finales es que corren los términos dispuestos en la Regla 47. Por tanto, concluiría que el recurso en este caso fue presentado dentro del término hábil para ello, ya que tanto la reconsideración, como la decisión del tribunal de acogerla y la eventual notificación de esta decisión del tribunal sucedieron dentro del término que tienen los tribunales de instancia para reconsiderar sus resoluciones y órdenes interlocutorias. Revocaría la determinación del Tribunal de Apelaciones y devolvería el caso al Tribunal de Apelaciones para que continúe con los procedimientos.

Liana Fiol Matta
Jueza Asociada