Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| RASHIDA SANTANA TORO ANTONIO RIVERA RIVERA<br><br>**Apelantes**<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE LAJAS; HON. MARCOS IRIZARRY PAGÁN; AHYMET RIVERA; VANESSA PÉREZ<br><br>**Apelados** | KLAN202300581 | Apelación Procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ**<br><br>Civil núm.: MZ2021CV00101 (307)<br><br>Sobre: Discrimen por Razón de Impedimento; Hostigamiento Laboral y Daños |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, la Jueza Rivera Pérez y el Juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparecen ante nos, Rashida Santana Toro, en adelante Santana Toro, y Antonio Rivera Rivera, en adelante, Rivera Rivera, y en conjunto los apelantes, solicitando que revisemos una *"Sentencia Parcial"* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, en adelante, TPI-Mayagüez, mediante la cual desestimó la *"Demanda"* incoada por los apelantes en contra del Municipio Autónomo de Lajas, en adelante Municipio, Marcos Irizarry Pagán, en adelante Irizarry Pagán, Ahymet Rivera y Vanesa Pérez Rosario, en adelante, Pérez Rosario, en conjunto los apelantes.

Por los fundamentos que expondremos a continuación, *confirmamos el dictamen recurrido.*

---

[1] Véase Orden Administrativa OATA-2023-165 del 22 de septiembre de 2023, donde se designa al Juez Alberto Luis Pérez Ocasio en sustitución de la Juez Eileen J. Barresi Ramos.

**I.**

El 28 de enero de 2021 Santana Toro y Rivera Rivera, presentaron *"Demanda"* sobre Discrimen por Razón de Impedimento, Hostigamiento Laboral y Daños en contra del Municipio, Irizarry Pagán, Ahymet Rivera y Pérez Rosario.[2] Plantearon, en síntesis, que Santana Toro, empleada del Municipio, era objeto de un patrón discriminatorio por razón de impedimento, de hostigamiento laboral, de represalias por parte del Municipio y de su supervisor inmediato, Ahymet Rivera.[3] Entre sus alegaciones, añadió que, Irizarry Pagán, quien figuraba como Alcalde del Municipio, y Pérez Rosario, Directora de Recursos Humanos, tenían conocimiento de las actuaciones discriminatorias, hostigantes, de represalias y haber solicitado en varias ocasiones ayuda o apoyo de estos.[4] Finalmente, solicitó una indemnización ascendientes a $700,000.00, más el 25% de honorarios de abogados.[5]

El 23 de abril de 2021, el Municipio presentó *"Comparecencia Especial Solicitando la Desestimaci[ó]n por Falta de Jurisdicci[ó]n".*[6] Alegaron que, procedía la desestimación de la demanda por incumplimiento en el requisito estatutario de notificar al municipio sobre la intención de presentar una causa de acción en su contra, dentro del término de noventa (90) días posteriores al conocimiento de los hechos que causaron el alegado daño.[7] Luego de presentada la oposición de los demandantes, aquí apelantes, el Foro Primario emitió *"Resolución"* declarando "No Ha Lugar" la desestimación.[8]

Por su parte, el 13 de agosto de 2021 el Departamento de Justicia, en representación de Irizarry Pagán y Pérez Rosario,

---

[2] Apéndice del recurso, pág. 1.
[3] *Id.* pág. 2.
[4] *Id.* pág. 10.
[5] *Id.* pág. 11.
[6] *Id.* pág. 12.
[7] *Id.* págs. 12-13.
[8] *Id.* pág. 22.

presentó *"Moción de Desestimación por Inmunidad Condicionada"*.[9] Mediante la cual, solicitaron la desestimación de la demanda en su contra bajo la doctrina de inmunidad condicionada.[10] Alegaron que aun tomando como ciertas las alegaciones de la demanda, estas no iban dirigidas al carácter personal de los demandados, si no a las actuaciones en el descargo de sus funciones y en su capacidad oficial.[11]

En respuesta, el 2 de septiembre de 2021 Santana Toro y Rivera Rivera, presentaron *"Oposici[ó]n a Moci[ó]n de Desestimaci[ó]n por Inmunidad Condicionada"*.[12] Alegaron que no les cobijaba la inmunidad condicional a los demandados, ya que, los hechos del caso daban margen al juicio o criterio personal de estos.[13]

El 28 de septiembre de 2021, el TPI-Mayagüez emitió *"Resolución"* refiriendo el caso al Centro de Mediación de Conflictos para que se recurriera al mecanismo alterno de mediación.[14] Además, estableció que la moción de desestimación presentada por el Departamento de Justicia en representación de Irizarry Pagán y Pérez Rosario sería resuelta luego de cumplido el proceso de mediación y recibieran el resultado de la misma.[15] Sin embargo, el 30 de noviembre de 2021, el Centro de Mediación de Conflictos notificó, mediante *"Moción Informativa",* que luego de llevado a cabo el procedimiento de mediación, las partes no lograron llegar a un acuerdo.[16] Así las cosas, el 20 de diciembre de 2021 el Municipio presentó *"Contestación a Demanda"*.[17]

---

[9] *Id.* pág. 35.
[10] *Id.* pág. 40
[11] *Id.*
[12] *Id.* pág. 43.
[13] *Id.* pág. 45.
[14] *Id.* pág. 48
[15] *Id.* págs. 49-50.
[16] *Id.* págs. 54-56.
[17] *Id.* pág. 57.

Luego de varios trámites procesales, el 15 de mayo de 2023 el TPI-Mayagüez emitió *"Sentencia Parcial"*.[18] Estableció que, las actuaciones sobre las cuales se reclamaba recaían dentro del marco de las funciones y en el descargo del deber oficial de Irizarry Pagán y Pérez Rosario.[19] Sostuvo que, no existían alegaciones que conllevaran la imposición de responsabilidad en el carácter personal de Irizarry Pagán y Pérez Rosario.[20] En consecuencia, procedió a ordenar la desestimación de la causa de acción contra los funcionarios Irizarry Pagán y Pérez Rosario en su carácter personal.[21] Procedió de igual forma el foro *a quo* a hacer extensiva la desestimación al codemandado Ahymet Rivera.[22]

Inconformes con la aludida determinación, el 27 de mayo de 2023 los apelantes solicitaron reconsideración. El 30 de mayo de 2023, notificada el 6 de junio de 2023, el Foro Primario emitió *"Resolución [de] Reconsideraci[ó]n"* declarando "No Ha Lugar" la reconsideración.

Aún en desacuerdo, el 5 de julio de 2023 los apelantes presentaron *"Apelaci[ó]n"* ante nos. Plantean:

> **PRIMER ERROR:** ERR[Ó] EL TPI AL DESESTIMAR EL CASO ANTE SU CONSIDERACI[Ó]N A FAVOR DEL CO DEMANDADO, SR. AHYMET RIVERA.

> **SEGUNDO ERROR:** ERR[Ó] EL TPI AL DESESTIMAR EL CASO ANTE SU CONSIDERACI[Ó]N A FAVOR DEL CODEMANDADO, SR. AHYMET RIVERA, POR INMUNIDAD CONDICIONADA, SIN ESTE HABER COMPARECIDO EN EL PLEITO MEDIANTE MOCI[Ó]N DISPOSITIVA Y/O ALEGACI[Ó]N RESPONSIVA.

> **TERCER ERROR:** ERR[Ó] EL TPI AL DESESTIMAR EL CASO ANTE SU CONSIDERACI[Ó]N A FAVOR DEL CO DEMANDADO APELADO, SR. AHYMET RIVERA, POR INMUNIDAD CONDICIONADA, SIN HABER EVALUADO LA

---

[18] *Id.* pág. 68.
[19] *Id.* pág. 70.
[20] *Id.*
[21] *Id.* págs. 70-71.
[22] *Id.* pág. 71.

INTENCI[Ó]N HABIDA EN LOS ACTOS HOSTIGANTES, DISCRIMINATORIOS Y EN REPRESALIAS COMETIDOS POR ESTE CONTRA LA APELANTE, SRA. RASHIDA SANTANA TORO.

**CUARTO ERROR:** ERR[Ó] EL TPI AL PASAR JUICIO SOBRE LAS ALEGACIONES DE LA DEMANDA MOTU PROPIO Y DESESTIMAR LA CAUSA DE ACCI[Ó]N Y RECLAMACI[Ó]N SOBRE HOSTIGAMIENTO O ACOSO LABORAL.

El 7 de julio de 2023, emitimos *"Resolución"* otorgándole un término de treinta (30) días, al Municipio, Irizarry Pagán, Ahymet Rivera y Pérez Rosario para presentar su alegato en oposición.

En cumplimiento, el 1 de agosto de 2023, el Municipio presentó *"Alegato de la Parte Apelada Municipio de Lajas"*. Plantea que, en su recurso los apelantes establecen que las causas de acción se basan en la Ley Núm. 90-2020, conocida como la Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, 29 LPRA sec. 3111 *et seq.*, y que dicha Ley entró en vigor el 7 de agosto de 2020, sin incluir disposición relacionada a una aplicación retroactiva de la misma. Por lo que, no es aplicable a los hechos de este caso y, en consecuencia, actuó de manera correcta el Foro Primario al desestimar la reclamación.

Por su parte, el 9 de agosto de 2023 Irizarry Pagán, Ahymet Rivera y Pérez Rosario comparecieron, en su capacidad personal, representados por la Oficina del Procurador General, mediante *"Alegato de los Apelados Marcos Irizarry Pagán, Vanessa Pérez Rosario y Ahymet Rivera Rodríguez"*. Sostienen, en primer lugar, que, por los apelantes no haber cuestionado la desestimación en cuanto a Irizarry Pagán y Pérez Rosario en su capacidad personal, procede confirmar la determinación del TPI-Mayagüez en cuanto a estos. En cuanto a Ahymet Rivera, plantean que el Foro Primario *tenía discreción para desestimar a su favor la demanda si entendía*

*que no existían alegaciones en su contra que establecieran la posibilidad de un remedio.*

Con el beneficio de la comparecencia de ambas partes, y perfeccionado el recurso, procedemos a expresarnos.

**II.**

**A. Apelación**

Las Reglas de Procedimiento Civil se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio (alegaciones, mociones, descubrimiento de prueba, vistas evidenciarias, sentencia, reconsideración, *apelación*) y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel "que se presenta ante el foro apelativo intermedio cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Tribunal de Primera Instancia". *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019); Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 y R. 52.2. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *apelación* no es un recurso discrecional como en los casos de *certiorari.* Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241,

252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell,* 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.,* 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007).

### B. Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 235 (2016); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008). Esta, dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) *dejar de exponer una reclamación que justifique la concesión de un remedio*** y; (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2. (Énfasis nuestro).

Para que proceda una moción al amparo de la Regla 10.2, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la

parte demandante. *Costas Elena y otros v. Magic Sport y otros*, 2024 TSPR 13, 213 DPR___ (2024); *Eagle Sec. Police, Inc. v. Dorado*, 211 DPR 70, 78 (2023); *Bonnelly Sagrado v. United Surety & Indemity Company*, 207 DPR 715, 722 (2021); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013); *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013). Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales Rivera y otros v. Asociación de Propietarios de la Urb. Dorado del Mar*, 2024 TSPR 61, 213 DPR__(2024); *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, 200 DPR 50, 69 (2018); *Dorante v. Wrangler de PR*, 145 DPR 408, 438 (1998). Bajo esta premisa, para que una moción de desestimación prospere, se tendrá que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, que pudiere probar en apoyo a su reclamación. *López García v. López García*, supra, pág. 70; *Dorante v. Wrangler of P.R.,* supra, pág. 414.

### C. Doctrina de Inmunidad Condicionada

Tras la aprobación de la Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como Ley de Reclamaciones y Demandas contra el Estado, 32 LPRA sec. 3077, *et seq.*, el "Estado consintió a ser demandado en daños por las actuaciones culposas o negligentes de sus empleados en el descargo de sus funciones". *Romero Arroyo v. ELA,* 127 DPR 724,745 (1991).

Por otro lado, se ha adoptado jurisprudencialmente la doctrina de inmunidad condicionada de los funcionarios públicos ante reclamaciones por acciones de responsabilidad civil que puedan generar sus conductas en el desempeño de sus deberes oficiales. *García v. ELA*, 163 DPR 800, 821 (2005); *Acevedo v. Srio.*

*Servicios Sociales*, 112 DPR 256, 262 (1982). Esta doctrina busca proteger a los funcionarios públicos contra demandas presentadas en su contra por haber ejercido, de forma razonable y de buena fe, funciones que contengan elementos de discreción. *De Paz Lisk v. Aponte Roque*, 124 DPR 472, 495 (1989). Esto es, que "actúen con libertad y tomen decisiones sin sentir presiones y amenazas contra sus patrimonios". Id. Según es sabido, la inmunidad condicionada no operara de manera absoluta, ya que el funcionario responde si no actúa de buena fe o si aun actuando de buena fe, haya procedido de manera irrazonable o sabiendo que su conducta era ilegal. *Acevedo v. Srio Servicios Sociales*, supra, pág. 262. Por lo que, esta defensa no cubre actuaciones dolosas, fraudulentas, maliciosas o delictivas en que los funcionarios del gobierno puedan incurrir en el desempeño de sus funciones. *In re Colton Fontan*, 128 DPR 1, 8 (1991). Es decir, los empleados pueden invocar esta defensa cuando sus actuaciones se llevan a cabo de acuerdo con directrices relacionadas a su empleo, o cuando no existe prueba de que hayan actuado con mala fe, malicia o error en su conducta. *De Paz Lisk v. Aponte Roque*, supra, pág. 495.

### D. Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico

La Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, Ley Núm. 90 de 7 de agosto de 2020, 29 LPRA sec. 3111, *et seq.,* persigue "una vigorosa política pública contra todo tipo de acoso laboral que afecte el desempeño del trabajador, altere la paz industrial y atente contra la dignidad de los trabajadores, no importa cuál sea su categoría o clasificación de empleo". 29 LPRA sec. 3112. Esta ley creó una causa de acción a favor de aquellos empleados que son víctimas de acoso laboral en su lugar de empleo,

sin importar la naturaleza del empleo, su categoría, jerarquía o clasificación. 29 LPRA sec. 3113.

En su Artículo 3 la Ley Núm. 90-2020 define el acoso laboral como:

> [A]quella conducta malintencionada, no deseada, repetitiva y abusiva; arbitraria, irrazonable y/o caprichosa; verbal, escrita y/o física; de forma reiterada por parte del patrono, sus agentes, supervisores o empleados, ajena a los legítimos intereses de la empresa del patrono, no deseada por la persona, que atenta contra sus derechos constitucionales protegidos, tales como: la inviolabilidad de la dignidad de la persona, la protección contra ataques abusivos a su honra, su reputación y su vida privada o familiar, y la protección del trabajador contra riesgos para su salud o integridad personal en su trabajo o empleo. Esta conducta de acoso laboral crea un entorno de trabajo intimidante, humillante, hostil u ofensivo, no apto para que la persona razonable pueda ejecutar sus funciones o tareas de forma normal.

> 29 LPRA § 3114(3).

A su vez, el Artículo 5 del aludido estatuto establece que todo patrono que incurra, fomente o permita el acoso laboral, será civilmente responsable frente a las personas afectadas. 29 LPRA sec. 3115. De igual forma, reconoce que las causas de acción que surjan bajo el palio de dicha ley pueden ser combinadas con acciones que surjan bajo otros estatutos. 29 LPRA sec. 3117.

Por otro lado, y en lo aquí pertinente, la Ley Núm. 90-2020, ***no*** *incluye disposición relacionada a una aplicación retroactiva de la misma.* Además, establece que entrará en vigor inmediatamente después de su aprobación. 29 LPRA sec. 3111. Sabido es que, en nuestro ordenamiento jurídico, las leyes se presumen prospectivas, salvo disposición en lo contrario. Artículo 3, Código Civil de Puerto Rico, 31 LPRA sec. 3.

**III.**

En sus *primeros tres señalamientos de error,* los cuales discutiremos de manera conjunta por estar relacionados entre sí, los apelantes plantean que incidió el TPI-Mayagüez al desestimar la

*"Demanda"* a favor de Ahymet Rivera. Plantean que, Ahymet Rivera no compareció en la moción solicitado desestimación, por lo que, el Foro Primario no podía hacer extensiva la desestimación a su favor. *No nos convencen sus argumentos.* Veamos.

Según establecimos anteriormente, al momento de considerar una moción de desestimación, el Foro Primario deberá tomar como ciertos todos los hechos que hayan sido bien alegados en la demanda e interpretarlos de la forma más liberal y favorable posible para la parte demandante. De una lectura de la *"Sentencia Parcial"* recurrida, se desprende que, para adjudicar el caso de autos, el TPI-Mayagüez consideró las alegaciones contenidas en la demanda y desestimó en contra de Irizarry Pagán y Pérez Rosario en su capacidad personal, por entender que no existía una reclamación que justificara la concesión de un remedio. Así, el Foro *a quo* interpretó que, aun tomando como ciertas las alegaciones de la demanda y de la forma más favorables para los demandantes, según es requerido por nuestro ordenamiento, *estas iban dirigidas a acciones que caían dentro del marco de las funciones y en el descargo del deber oficial de los demandados*, aquí apelados. Por lo que, la demanda no aducía hechos que justificaran un remedio a favor de Santana Toro y Rivera Rivera y procedía conceder la desestimación solicitada y hacer la misma extensiva a Ahymet Rivera bajo los mismos fundamentos.

De un análisis del expediente ante nos, se desprende que, las actuaciones realizadas por los apelados fueron realizadas mientras actuaban en el ejercicio de sus funciones oficiales como funcionarios del Municipio y no, en su capacidad personal. Siendo esto así, no existía el derecho a una reclamación que justificara la concesión de un remedio a favor de los apelantes. Por lo que, el Foro Primario actuó correctamente al desestimar la demanda a favor de todos los apelados.

En su *cuarto y último señalamiento de error*, los apelantes plantean, que incidió el Foro Primario al desestimar la causa de acción sobre hostigamiento o acoso laboral al amparo de la Ley 90-2020. *No le asiste razón.*

La Ley 90-2020 fue aprobada el 7 de agosto de 2020 y entró en vigor inmediatamente después de su aprobación. Luego de un estudio del texto esbozado en la ley, concluimos que la misma no tiene efecto retroactivo, ni cláusula sobre retroactividad. En ausencia de disposición alguna que le dé efecto retroactivo, así como mención ninguna en su exposición de motivos sobre retroactividad, y al tomar en consideración que todos los hechos expuestos en la demanda ocurrieron antes de la aprobación y de la entrada en vigor del aludido estatuto, concluimos que según establecido por el TPI-Mayagüez, no procede la reclamación al amparo de la Ley Núm. 90-2020. Así las cosas, determinamos que el Foro *a quo* actuó correctamente al desestimar la reclamación al amparo de la Ley 90-2020.

Por esto, resulta forzoso concluir que en el caso de marras el TPI-Mayagüez resolvió correctamente y procede *confirmar* su determinación.

**IV.**

Por los fundamentos antes expuestos, se *confirma* la *"Sentencia"* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones