Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **BATHROOM JEWELS, INC.**<br><br>Apelado<br><br>v.<br><br>**GABRIELA S. RIVERA EMANUELLI Y OTROS**<br><br>Apelante | KLAN202500412 | ***APELACIÓN***<br>procedente del Tribunal de Primera Instancia Sala Superior de **Bayamón**<br><br>Caso Número:<br>BY2024CV5416<br><br>Sobre:<br>**COBRO DE DINERO – ORDINARIO** |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2025.

Comparece ante nos, Gabriela Rivera Emanuelli, en adelante, Rivera Emanuelli o apelante, solicitando que revoquemos la *"Sentencia"* emitida el 14 de febrero de 2025 y notificada el 18 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante, TPI-Bayamón. Mediante el referido dictamen, el Foro Apelado declaró *"Ha Lugar"* una moción de desistimiento.

Por los fundamentos que expondremos a continuación, *revocamos* la *"Sentencia"* apelada.

## I.

Antes de adentrarnos en los asuntos procesales que desencadenaron la controversia que aquí nos ocupa, es preciso que desglosemos varios hechos relevantes.

Bathroom Jewels, Inc., en adelante, Bathroom, adujo que Rivera Emanuelli acudió a su localidad para el mes de marzo del año

Número Identificador

SEN2025 _____

2023, con el fin de seleccionar varios productos para su hogar.[1] Según surge de las alegaciones de Bathroom, luego de que Rivera Emanuelli recibiera una orientación, esta seleccionó varios de los siguientes enseres electrodomésticos: una nevera, un horno microondas, un sistema de extractor con todos sus componentes y una estufa eléctrica de inducción. Todo esto con el servicio de entrega al hogar por un costo adicional.[2]

Por otro lado, surge del petitorio que toda la mercancía fue entregada al hogar de la apelante, en el mes de marzo del año 2024. El 15 de marzo de 2024, se le entregó a Rivera Emanuelli una factura por la cantidad total de treinta y siete mil quinientos dólares ($37,500.00). Según las alegaciones de Bathroom, la peticionaria se comprometió a pagar la factura antes mencionada junto a los servicios provistos. Sin embargo, Bathroom alegó que esta nunca realizó un pago o abono alguno. A razón de esto, Bathroom hizo gestiones de cobro por correo certificado, siendo la última el 17 de enero de 2024.[3]

Ahora bien, establecidos los hechos que son medulares para el entendimiento del caso de marras, el mismo tiene su génesis el 13 de septiembre de 2024, cuando Bathroom presentó su *"Demanda"* en concepto de cobro de dinero por la vía ordinaria.[4]

Luego de varios trámites procesales, el 3 de enero de 2025, la apelante presentó *"Contestación a Demanda y Demanda Contra Tercero".*[5] En su contestación, Rivera Emanuelli arguyó que ella había visitado la localidad de Bathroom el 26 de febrero de 2022, a solicitud de quien fue su esposo, Federico Cardona Firpi, en adelante, Cardona Firpi. Afirmó, además, que Cardona Firpi voluntariamente seleccionó y pactó a su nombre la compra de

---

[1] Apéndice del recurso, pág. 1.
[2] *Id.*
[3] *Id.,* pág. 2.
[4] *Id.*, pág. 1.
[5] *Id.*, pág. 26.

ciertos enseres que serían instalados en la residencia de la apelante. Rivera Emanuelli adujo que dicha compra de enseres fue un regalo que le hizo Cardona Firpi.[6]

Adicional, la apelante expuso que los enseres fueron adquiridos por Cardona Firpi y entregados entre octubre del año 2022 y abril del año 2023. Asimismo, alegó que la factura que se acompañó como anejo en la demanda, era ilegítima. Del mismo modo, la apelante planteó que no se comprometió en ningún momento a pagar la factura. También, la apelante arguyó a que Bathroom y Cardona Firpi acordaron emitir una factura simulada a nombre de la demandada con fecha del 15 de marzo de 2023. Según alegó la apelante, la factura no fue enviada a la parte demandada hasta pasado un (1) año. Finalmente, la apelante esbozó que Cardona Firpi fue la persona que pagó la totalidad de los enseres adquiridos por él.[7]

La apelante presentó unas defensas afirmativas en su contestación a la demanda, en las que adujo que Cardona Firpi instó la acción como parte de un patrón de persecución y de abuso de derecho. Además, indicó que Cardona Firpi fue quien pagó a Bathroom la suma de veintitrés mil ciento cincuenta y siete dólares con sesenta y tres centavos ($23,157.63).[8]

Por otro lado, la apelante indicó que contrajo matrimonio con Cardona Firpi el 19 de noviembre de 2022, luego de haber otorgado Capitulaciones Matrimoniales. En las mencionadas capitulaciones, ambos pactaron que toda obligación que cada uno asumió antes del matrimonio sería de exclusiva responsabilidad de quien la hubiere contraído. Adicional, pactaron que todos aquellos regalos recibidos por la apelante de parte de Cardona Firpi, antes y durante el

---

[6] Apéndice del recurso, pág. 27.
[7] *Id.*, pág. 27.
[8] *Id.*, pág. 29.

matrimonio, no serían objeto de devolución, ni reembolso, ni de créditos al momento de la disolución del matrimonio. Además, Rivera Emanuelli y Cardona Firpi pactaron en sus capitulaciones que vivirían en la propiedad privativa de la apelante y que, en lo pertinente, cualquier mueble o equipo que se colocara en el futuro en dicha residencia, así como las mejoras, se considerarían regalos a Rivera Emanuelli sin posibilidad de revocación, ni devolución y sin sujeción alguna a potenciales reclamos de crédito o reembolso.[9]

Así las cosas, el 3 de enero de 2025, la apelante también presentó la *"Demanda Contra Tercero"* para incluir a Cardona Firpi, por estar vinculado con la controversia presentada.[10]

Como parte del descubrimiento de prueba, la apelante alegó que el 13 de febrero de 2025, le notificó a Bathroom, mediante su representación legal, un *"Requerimiento de Admisiones"*.[11] En el mencionado requerimiento, la apelante le formuló una serie de preguntas a Bathroom, entre las más importantes se encuentran:

1. Admita que, para el 26 de febrero de 2022, Bathroom Jewels, Inc. emitió la Orden de Compra #2846 a favor de Federico Cardona por la cantidad de cuarenta mil novecientos cincuenta y dos dólares con veintidós centavos ($40,952.22).

2. Admita que, para el 26 de febrero de 2022, Bathroom Jewels, Inc. emitió la Orden Compra #30440 a favor de Federico Cardona por la cantidad de tres mil ciento cincuenta y siete dólares con sesenta y tres centavos ($ 3,157.63).

3. Admita que el 26 de febrero de 2022 Bathroom Jewels, Inc. recibió de manos del Sr. Federico Cardona Firpi la suma de tres mil ciento cincuenta y siete dólares con sesenta y tres centavos ($3,157.63) mediante un cargo a la tarjeta de crédito de este.[12]

---

[9] Apéndice del recurso, pág. 29.
[10] *Id.*, pág. 30.
[11] *Id.*, pág. 67.
[12] *Id.*, pág. 88.

Posteriormente, el 14 de febrero de 2025, Bathroom presentó *"Moción Solicitando Desistimiento sin Perjuicio."* En la referida moción, indicó que el agente autorizado no podía continuar con los procedimientos legales del caso por razones de salud, y solicitó el desistimiento sin perjuicio.[13]

Ese mismo día, el 14 de febrero de 2025, el TPI-Bayamón emitió una *"Sentencia"* en la cual declaró *Con Lugar* la solicitud de desistimiento presentada por Bathroom. Adicional a esto, el Foro Primario indicó que *la sentencia advenía final y firme desde el momento de su emisión.*[14]

En desacuerdo con el dictamen emitido, la apelante presentó el 3 de marzo de 2025 una *"Moción de Reconsideración"*.[15] En respuesta, Bathroom presentó *"Réplica a Solicitud de Reconsideración; Que pide Honorarios por Temeridad y Otros Extremos"*.[16] En esta, indicó que las acciones de Rivera Emanuelli fueron frívolas y temerarias. Por lo cual, solicitó una suma no menos de veinticinco mil dólares ($25,000.00) en concepto de honorarios de abogado y que se declarara *No Ha Lugar* la moción de reconsideración.[17]

Luego de varios asuntos acontecidos, el TPI-Bayamón declaró *No Ha Lugar* la reconsideración presentada por la apelante.[18]

Inconforme, el 9 de mayo de 2025, Rivera Emanuelli presentó ante esta Curia una apelación, haciendo los siguientes señalamientos de error:

> **Primer Error**: La Regla 39.1(a) de Procedimiento Civil solamente permite desistir de un pleito si el demandado aún no ha contestado la demanda o solicitado sentencia sumaria. Bathroom solicitó desistir de su demanda, sin perjuicio, 42 días después que Rivera-Emanuelli contestó la demanda. Por tanto, no procedía dictar

---

[13] Apéndice del recurso, pág. 51.
[14] *Id.*, pág. 54.
[15] *Id.*, pág. 55.
[16] *Id.*, pág. 124.
[17] *Id.*, pág. 130.
[18] *Id.*, pág. 139.

sentencia autorizando el desistimiento bajo la Regla 39.1(a) de Procedimiento civil por ser inaplicable.

**Segundo Error**: Las garantías del debido proceso de ley incluyen el derecho a apelar. El Tribunal de Primera Instancia dictó sentencia decretando que esta automáticamente advino final y firme desde el mismo momento en que la emitió, en contravención al derecho de Rivera-Emanuelli a apelarla. En vista de que la sentencia recurrida violenta palmariamente las garantías del debido proceso de ley, procede su revocación por ser jurídicamente nula.

**Tercer Error**: El derecho a ser oído también forma parte de las garantías del debido proceso de ley. El Tribunal de Primera Instancia dictó sentencia autorizando el desistimiento de la demanda sin antes brindarle la oportunidad a Rivera-Emanuelli a presentar su posición al respecto. Por tanto, al dictarse la sentencia recurrida sin proveer un debido proceso de ley, procede su revocación.

Mediante *"Resolución"* del 11 de junio de 2025, le concedimos a la parte apelada un término final hasta el 16 de junio de 2025, para presentar su posición. En cumplimiento de orden, la parte apelada presentó "*Alegato de la Parte Apelada*", el 16 de junio de 2025.

Perfeccionado el recurso de epígrafe, y con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

## II.

### A. Apelación Civil

Las Reglas de Procedimiento Civil de Puerto Rico se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio, entiéndase las alegaciones, mociones, descubrimiento, vista evidenciaria, sentencia, reconsideración, *apelación,* y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea,* 145 DPR 236, 238 (1998).

La etapa de la *apelación* se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel que se presenta ante un foro de mayor jerarquía cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Foro de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA, Ap. VIII, R. 52; *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 214 DPR ___ (2024); *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019). Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *apelación* no es un recurso discrecional como en los casos de *certiorari*. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, se reconoce que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones, cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017). Regla 13(A) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B, R. 13(A); Art. 4.006(a) Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y.

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia

con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Bathia Gautier v. Gobernador*, 199 DPR 59, 182 (2017); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

### B. Desistimiento

El desistimiento se refiere a una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente. *Pagán Rodríguez v. Pres. Cáms. Legs.,* 206 DPR 277, 285 (2021); J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. Esta práctica se realiza cuando, una parte en el pleito expresa su deseo de no continuar con la reclamación que interpuso. De igual forma, se ha expresado que "[e]l desistimiento encarna uno de los principios básicos del proceso civil, el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción". *Pagán Rodríguez v. Pres. Cáms. Legs., supra*, págs. 285-286; citando a R. Hernández Colón, Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 414.

Es la propia Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, quien permite a la parte demandante desistir de toda o parte de su reclamación. La Regla tiene dos vertientes:

> (a) Por el demandante; por estipulación. Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

(1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o

(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.

A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) Por orden del tribunal. A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

El inciso (a) de la mencionada Regla, codifica el desistimiento voluntario cuando la parte demandada aún no ha presentado una alegación responsiva. Además, dispone que el desistimiento pudiera darse por una estipulación firmada por todos los que hayan comparecido al pleito. Así pues, en virtud de ese inciso es suficiente la mera presentación del aviso de desistimiento ante el tribunal. *Pagán Rodríguez v. Pres. Cáms. Legs., supra,* pág. 287.*; Pramco CV6, LLC. v. Delgado Cruz y otros,* 184 DPR 453, 459 (2012). Bajo cualquiera de estas circunstancias, el derecho del demandante a renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente. *Pramco CV6, LLC v. Delgado Cruz y Otros, supra,* pág.459.

De igual forma, el inciso (b) de la Regla 39.1 de Procedimiento Civil, supra, aplica, *"cuando la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento suscrita por*

*todas las partes que han comparecido al pleito." Pagán Rodríguez v. Pres. Cáms. Legs.*, supra, pág. 287.  En tales casos, será necesario que la parte demandante presente una moción al tribunal, la cual deberá notificar a todas las partes que han comparecido ante el foro para así renunciar a continuar con su reclamo. *Id.*  En este escenario, el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes, entre éstas que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado. *Id.*  (Énfasis nuestro).

### C. Debido Proceso de Ley

Sabido es que la Constitución de Puerto Rico reconoce una serie de derechos, incluido entre estos el debido proceso de ley. Const. ELA, Art. II, 1 LPRA sec. 7. Esta garantía tiene dos (2) vertientes la sustantiva y *la procesal. Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, 215 DPR __ (2025). La vertiente sustantiva del debido proceso de ley busca proteger los derechos fundamentales de la persona, mientras que la vertiente procesal le impone al Estado la obligación de garantizar un proceso justo y equitativo cuando se interfiera con los intereses de libertad y de propiedad del individuo. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 394 (2018); *Domínguez Castro et al. v. E.L.A. I,* 178 DPR 1, 35 (2010). La jurisprudencia normativa ha identificado componentes básicos del debido proceso de ley, tales como una notificación adecuada y la oportunidad de ser escuchado y de defenderse. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra; *Pueblo v. Pagán Rojas et al.,* 187 DPR 465, 480 (2012); *Garriga Villanueva v. Mun. San Juan,* 176 DPR 182, 197 (2009).

Sobre la vertiente procesal, nos dice el Tribunal Supremo que esta le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y de propiedad del

individuo solo ocurra mediante un proceso justo y equitativo. Esta protección se activa cuando existe un interés individual de libertad o de propiedad. *Pueblo v. Montero Luciano*, 169 DPR 360, 371 (2006); *Rafael Rosario & Assoc. v. Dpto. Familia*, 157 DPR 306, 330 (2002).

Por otro lado, en nuestro ordenamiento se ha reconocido que *las sentencias dictadas por un tribunal advienen finales y firmes una vez transcurren treinta (30) días desde que son registradas y notificadas a las partes.* Por tal razón, si una parte desea la revisión de un dictamen emitido por el Tribunal de Apelaciones cuenta con un término de treinta (30) días desde que se archiva en autos copia de la notificación de la sentencia o resolución. Véase, Regla 52.2 de Procedimiento Civil, *supra.* Transcurrido este periodo jurisdiccional la misma no podrá ser apelada. *Íd.*

Asimismo, la Regla 47 de Procedimiento Civil, supra, 32 LPRA Ap. V, R. 47, es la disposición estatutaria que regula esta función judicial. Con relación a las solicitudes de reconsideración, la precitada Regla dispone lo siguiente:

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, **dentro del término jurisdiccional de quince (15) días** desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
> [...]
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
> *Id.* (Énfasis suplido).

Los procesos de revisión ante los Tribunales deben seguir el orden establecido por las Reglas de Procedimiento Civil, supra. La parte afectada en una sentencia puede apelarla ante el Tribunal de Apelaciones, como también puede presentar ante el foro originario una reconsideración.

La Regla en cuestión dispone que, una vez presentada la reconsideración ante el Tribunal de Primera Instancia, los demás términos para recurrir quedan interrumpidos. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 749 (2023); *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 337-338 (2018). Los términos para recurrir a un foro superior, en estos casos, comienzan a cursar cuando el Tribunal de Primera Instancia archive en autos copia de la notificación de la resolución en la que resuelva la reconsideración. *Div. Empleados Públicos UGT v. CEMPR*, supra pág. 749.; *Marrero Burgos v. Colón Rodríguez*, supra, pág. 338.

### III.

Por encontrarse relacionados entre sí, este tribunal determinó atender los últimos *dos (2) señalamiento de error* en conjunto.

En su *primer error*, la parte apelante alega que no procedía dictar sentencia bajo la Regla 39.1(a) de Procedimiento Civil, supra. *No le asiste la razón.* De los hechos surge, que luego de haberse instado la demanda presentada por Bathroom contra la apelante, este decide desistir del pleito, luego de haber recibido un requerimiento de admisiones presentado por Rivera Emanuelli. En el mencionado requerimiento la apelante hizo una serie de preguntas referente a que Cardona Firpi era la persona que realizó las compras por las cuales fue demandada la apelante.

Es cierto que una persona que insta un pleito puede desistir del mismo en cualquier momento, antes de que el demandado haya contestado la demanda o solicitado sentencia sumaria. Ahora bien, nuestra jurisprudencia ha determinado en *Pagán Rodríguez v. Pres. Cáms. Legs.*, supra, que en los casos donde se ha contestado la demanda o solicitado una sentencia sumaria, la parte que quiera desistir del pleito tendrá que presentar una moción al tribunal y

notificarles a las partes que comparecieron en el pleito para cumplir con el requisito de renunciar al pleito.

En el caso de marras, Bathroom decidió desistir de su causa de acción luego de que la apelante hubiese comparecido. Para ello, este le notificó al Foro Primario y a las partes mediante moción, por lo que cumplió con los requisitos para poder desistir del pleito.

Por otro lado, en los últimos *dos (2) señalamientos de error*, la apelante aduce que el Foro Primario le violó su derecho del debido proceso de ley porque dictó una *"Sentencia" decretando que fue final y firme desde el momento en que la emitió*. Además, que se le violó su derecho a ser oída, sin antes brindarle la oportunidad a presentar su posición sobre el desistimiento instado por Bathroom. *Le asiste la razón.*

Del expediente surge, que Bathroom solicitó desistir del pleito sin perjuicio y el Foro Primario declaró *Ha Lugar* dicho desistimiento. En consecuencia, emitió una *"Sentencia"* indicando que la misma *advenía final y firme desde el momento de su emisión.* Entendemos que el TPI-Bayamón soslayó el derecho vigente. Es principio cardinal en nuestro ordenamiento jurídico que toda persona tiene derecho a un debido proceso de ley, el cual se incluye el derecho a ser oído. Por lo que, el TPI-Bayamón abusó de su discreción al indicar en su sentencia que la misma era final y firme desde el momento de haber sido emitida, porque contradice con lo dispuesto en las Reglas de Procedimiento Civil, supra.

Una vez un Tribunal emita una determinación, la parte que esté en desacuerdo, puede solicitar una reconsideración acorde a lo dispuesto en la Regla 47 de Procedimiento Civil, supra. Por otro lado, también puede solicitar un recurso de apelación para revisar la determinación de un Foro Primario, treinta (30) días luego de que la sentencia sea archivada y notificada.

A tenor con lo anterior, una sentencia adviene final y firme una vez transcurren los treinta (30) días desde que son registradas y notificadas a las partes, Regla 52.2 de Procedimiento Civil, supra. Por tal motivo, una sentencia no adviene final y firme desde el momento de su emisión, porque se viola con el debido proceso a las partes al coartarle su derecho de solicitar la reconsideración o recurrir al Foro Apelativo.

Por tanto, debemos concluir que el Foro Primario no incidió en error al otorgar el desistimiento, porque la parte apelada cumplió con los requisitos en ley para solicitarlo. No obstante, concluimos que el *TPI-Bayamón* erró en emitir una "*Sentencia*", adviniéndola final y firme desde la emisión de la misma, debido a que violenta con el principio constitucional de salvaguardar el debido proceso de ley, para que las partes puedan ser oídas a través de una reconsideración o revisión de otros foros.

## IV.

Por los fundamentos antes detallados, *revocamos* la "*Sentencia*" impugnada y devolvemos el caso al Foro Primario para que continúen los procedimientos y determine si proceden las costas y honorarios de abogado solicitados por Rivera Emanuelli.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones