Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **ESTRELLA COMMERCIAL LLC**<br><br>Parte apelada<br><br>v.<br><br>**LUZ CELENIA ROJAS ANDINO Y OTROS**<br><br>Partes apelantes | TA2025AP00034 | ***APELACIÓN***<br>procedente del Tribunal de Primera Instancia Sala Superior de **Carolina**<br><br>Caso Número: CA2021CV01461 (CIVIL 409)<br><br>Sobre:<br>**COBRO DE DINERO-ORDINARIO Y OTROS** |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de agosto de 2025.

Comparecen ante nos las apelantes, Luz Celenia Rojas Andino, en adelante, Rojas Andino, y Romary Rodríguez Rojas, en adelante, Rodríguez Rojas, solicitando que revisemos el dictamen intitulado *"Determinaciones de Hechos, Conclusiones de Derecho y Sentencia Sumaria"* emitido el 4 de abril de 2025, y notificado el 11 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina, en adelante, TPI-Carolina. En la referida sentencia, el TPI-Carolina declaró *"Con Lugar"* la demanda enmendada incoada por Estrella Commercial LLC, en adelante Estrella o apelada, por cobro de dinero, ejecución de prenda y ejecución de hipoteca contra las apelantes.

Por los fundamentos que expondremos a continuación, *desestimamos el recurso por falta de jurisdicción, por prematuro.*

### I.

Según surge del expediente judicial, el 14 de junio de 2021, Santander Financial Services Inc., en adelante, Santander, presentó una *"Demanda"* en cobro de dinero y ejecución de hipoteca, contra

Rojas Andino.[1] El 24 de enero de 2022, Santander presentó una "*Solicitud de Sustitución de Parte Demandante*". En la misma, informó que vendió la deuda monetaria, objeto de reclamación a Luna Commercial II LLC, en adelante Luna, y solicitó que se incluyera este último como parte demandante, mediante enmienda al epígrafe.[2]

Luego de varios trámites procesales, el 2 de mayo de 2024, el Foro Primario notificó una sentencia contra Rojas Andino, y concedió el remedio solicitado por Luna.[3] Posteriormente, el 16 de septiembre de 2024, Luna presentó una "*Solicitud de Sustitución de Parte Demandante por Cesión de Interés*",[4] solicitando que se le sustituyera por Estrella.

No obstante, el 26 de septiembre de 2024, el TPI-Carolina emitió una *"Minuta Resolución"* declarando "*Con Lugar*" una solicitud de relevo de sentencia presentada a petición de las partes, quienes informaron que había falta de parte indispensable, debido a que existían tres cotitulares registrales de la propiedad objeto de la reclamación, y una viuda con derecho a cuota viudal usufructuaria.[5] Además, concedió a Estrella un término de treinta (30) días para que presentara la enmienda a la demanda.[6]

Así las cosas, la apelada enmendó la demanda el 30 de septiembre de 2024, para incluir a los cotitulares registrales omitidos como partes codemandadas, quienes fueron identificados en la misma como la aquí apelante, Rodríguez Rojas, además de Marianne Pérez Matos, Jacob Rodríguez Pérez y Jaime Ann Rodríguez Pérez.[7] Surge del expediente que esta última fue

---

[1] SUMAC, Entrada Núm. 1.
[2] SUMAC del TPI, Entrada Núm. 14.
[3] SUMAC, Entrada Núm. 62.
[4] SUMAC del TPI, Entrada Núm. 72.
[5] SUMAC, Entrada Núm. 82.
[6] *Íd.*
[7] SUMAC, Entrada Núm. 83.

emplazada personalmente, mientras que el resto de los codemandados fueron emplazados mediante edicto.[8]

El 13 de marzo de 2025, solamente Rojas Andino y Rodríguez Rojas presentaron su contestación a la demanda enmendada.[9] Por su parte, el mismo día, Estrella radicó una *"Moción de Sentencia Sumaria"*.[10] A estos fines, el 14 de marzo de 2025, el TPI-Carolina notificó una orden a las apelantes para que replicaran a la moción de sentencia sumaria presentada por Estrella en un término de veinte (20) días.[11]

El 4 de abril de 2024, transcurrido el término concedido por el TPI-Carolina, Estrella presentó una *"Moción Solicitando se Tenga por Sometida sin Oposición 'Moción de Sentencia Sumaria'"*.[12] El mismo día, las apelantes presentaron *"Moción Informativa y de Prórroga"*, solicitando un término adicional para atender los asuntos pendientes ante la consideración del Foro Primario, lo cual incluía la moción de sentencia sumaria presentada por el apelado.[13]

Así las cosas, el 7 de abril de 2025, el TPI-Carolina notificó una *"Orden"* mediante la cual concedió a las apelantes una prórroga de quince (15) días.[14] No obstante, el 11 de abril de 2025, el TPI-Carolina notificó el dictamen apelado, en el que declaró *"Con Lugar"* la *"Demanda Enmendada"* presentada por Estrella.[15] Surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC) que dicha Sentencia fue notificada mediante el Formulario único de notificación OAT-1812 a los abogados de las apelantes y de la apelada, así como a los codemandados Jacob Rodríguez Pérez y Marianne Pérez Matos.[16] Adicionalmente, se notificó mediante edicto

---

[8] SUMAC del TPI, Entradas Núm. 91 y 97.
[9] SUMAC, Entrada Núm. 99.
[10] SUMAC, Entrada Núm. 98.
[11] SUMAC del TPI, Entrada Núm. 100.
[12] SUMAC del TPI, Entrada Núm. 102.
[13] SUMAC, Entrada Núm. 103.
[14] SUMAC, Entrada Núm. 105.
[15] SUMAC, Entrada Núm. 106.
[16] *Íd.*

a los codemandados Romary Rodríguez Rojas, Jacob Rodríguez Pérez y Marianne Pérez Matos.[17] *No obstante, no se notificó a Jaime Ann.*

Inconforme, Rojas Andino presentó una *"Moción de Reconsideración"* el 25 de abril de 2025.[18] Por su parte, Estrella presentó el 20 de mayo de 2025 su *"Oposición a 'Moción de Reconsideración'".*[19] Mediante *"Resolución Interlocutoria"* del 22 de mayo de 2025, el Foro Apelado declaró *"No Ha Lugar"* la reconsideración.[20]

Inconforme con el proceder del Foro Primario, el 23 de junio de 2025, las apelantes radicaron un recurso de *"Apelación"* ante esta Curia, haciendo el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al dictar Sentencia a favor de la parte apelada, previo a vencer el término que el mismo tribunal había concedido a las apelantes para expresarse. Dicho error viola el debido proceso de ley.**

Mediante *"Resolución"* notificada el 2 de julio de 2025, concedimos a la parte apelada hasta el 23 de julio de 2025 para presentar su posición en cuanto al recurso, conforme a lo dispuesto en la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 36, 215 DPR ___ (2025). Finalmente, el 23 de julio de 2025, Estrella compareció mediante *"Alegato en Oposición"*.

Expuesto el cuadro fáctico del caso ante nuestra consideración, procedemos a expresarnos.

## II.

### A. Apelación

Las Reglas de Procedimiento Civil de Puerto Rico se desenvuelven en un orden lógico, natural y armonioso entre sí. Este

---

[17] SUMAC, Entrada Núm. 108.
[18] SUMAC, Entrada Núm. 110.
[19] SUMAC, Entrada Núm. 112.
[20] SUMAC, Entrada Núm. 113.

orden queda demostrado en las distintas etapas de un litigio, entiéndase las alegaciones, mociones, descubrimiento, vista evidenciaria, *sentencia,* reconsideración, apelación, y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea,* 145 DPR 236, 238 (1998). [Énfasis suplido].

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, ***que incluye su debida notificación a las partes****.* El recurso de apelación es aquel que se presenta ante un foro de mayor jerarquía cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Foro de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA, Ap. VIII, R. 52; *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 214 DPR ___ (2024); *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1070-1071 (2019). Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519. [Énfasis suplido].

La *apelación* no es un recurso discrecional como en los casos de *certiorari.* Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles,* 142 DPR 241, 252 (1997). En ese sentido, se reconoce que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones, cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell,* 199 DPR 311, 317 (2017). Regla 13(A) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 22, 215 DPR ___ (2025); Art. 4.006(a) Ley de la Judicatura del

Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y.

### B. Jurisdicción

Es norma conocida que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Mun. Rio Grande v. Adquisición Finca*, 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández*, supra; *Mun. Aguada v. W. Const. y Recovery Finance*, 2024 TSPR 69, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 213 DPR 348, 354 (2023); *MCS Advantage v. Fosass Blanco et al*, 211 DPR 135, 144 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022), *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021).

Así pues, al presentarse en un foro judicial una situación jurídica, se torna forzoso el examinar, como primer factor, si existe jurisdicción sobre el caso en cuestión. *Mun. Aguada v. W. Const. y Recovery Finance*, supra; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Ello, dado que, el tribunal revisor tiene el deber de auscultar tanto su propia jurisdicción como la del tribunal recurrido. *Torres Alvarado v. Madera Atiles,* supra, pág. 500.

Ante tal normativa, se ha reiterado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. En virtud de lo anterior, las cuestiones relativas al elemento jurisdiccional son privilegiadas, lo cual, les brinda prioridad frente a otros asuntos envueltos en el análisis jurídico. *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *Morán v. Martí*, 165 DPR 356, 364 (2005). Siendo así, al foro judicial carecer de jurisdicción, resulta innecesario entrar en los méritos del caso. *MCS Advantage, Inc. v. Fossas Blanco y otros*, supra, pág. 146.

A estos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 110, 215 DPR ___ (2025), dispone que este Tribunal, **a iniciativa propia**, puede desestimar un recurso por los criterios consignados en el sub inciso anterior, que rezan de la siguiente manera:

(1) **que el Tribunal de Apelaciones carece de jurisdicción;**
(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
(3) que no se ha presentado o proseguido con diligencia o de buena fe;
(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
(5) que el recurso se ha convertido en académico.
[Énfasis suplido].

Una de las circunstancias que afecta la jurisdicción de un tribunal es la presentación de un *recurso prematuro*. Un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración de un foro apelado, o sea, que aún no ha sido finalmente resuelta. *Yumac Home v. Empresas Masso*, 194 DPR 96, 107 (2015). Es decir, un recurso prematuro es el que se presenta antes de tiempo. Un recurso prematuro, al igual que uno tardío, **priva de jurisdicción al tribunal que se recurre**. *Id.* Esto es así puesto que su presentación carece de eficacia y no produce ningún efecto jurídico, "pues en ese momento en el tiempo *-punctum temporis-* aún no ha nacido autoridad judicial [...] alguna para acogerlo". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

### C. Notificación de Sentencia

La jurisprudencia normativa ha identificado componentes básicos del debido proceso de ley, tales como *una notificación*

*adecuada* y la oportunidad de ser escuchado y de defenderse. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR __ (2025); *Pueblo v. Pagán Rojas et al.*, 187 DPR 465, 480 (2012); *Garriga Villanueva v. Mun. San Juan*, 176 DPR 182, 197 (2009). Por tal razón, el debido proceso de ley, en su vertiente procesal, exige que las partes sean notificadas de los escritos que se producen durante el trámite judicial. *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015). Véase R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, pág. 193.

Por otro lado, en nuestro ordenamiento se ha reconocido que *las sentencias dictadas por un tribunal advienen finales y firmes una vez transcurren treinta (30) días desde que son registradas y <u>notificadas a las partes</u>*. Por tal razón, si una parte desea la revisión de un dictamen emitido por el Tribunal de Apelaciones cuenta con un término de treinta (30) días desde que se archiva en autos copia de la notificación de la sentencia o resolución. Véase, Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2.

Con relación a la notificación y registro de las sentencias emitidas por un tribunal, la Regla 46 de Procedimiento Civil, 32 LPRA Ap. V, R. 46, reza como sigue:

> Será deber del Secretario o de la Secretaria notificar a la mayor brevedad posible, dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos, Procedimientos y Providencias Interlocutorias constituye el registro de la sentencia. **La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a <u>todas</u> las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo**.
> [Énfasis suplido].

Por su parte, la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3, dispone lo siguiente en torno a como los tribunales deben proceder para notificar a las partes de aquellas órdenes, resoluciones y sentencias que emite, según la circunstancia procesal en la que estas se encuentren:

(a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o la Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia.

(b) El Secretario o la Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.

(c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron, se le notificará la sentencia a la última dirección conocida. En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante [...].

Como podemos ver, una vez se dicta sentencia, ***la secretaria del tribunal tiene la obligación de notificarla cuanto antes a todas las partes afectadas***, archivando en autos una copia de la constancia de tal notificación, pues tal notificación incide sobre los procedimientos posteriores de la sentencia. *Yumac Home v. Empresas Masso, supra*, pág. 105; *Falcón Padilla v. Maldonado Quirós*, 138 DPR 983, 989 (1995).

Por tal razón, la notificación es parte integral de una actuación judicial. Así, para que una resolución u orden surta efecto, tiene que ser no solamente emitida por un tribunal con jurisdicción, sino que deberá ser también notificada adecuadamente a las partes. *Bco. Popular v. Andino Solís*, supra, pág. 183. Ello, debido a que es a partir de la notificación que comienzan a transcurrir los términos establecidos. Siendo ello así, ***de no notificarse adecuadamente, la resolución, orden o sentencia no surte efecto y los términos no comienzan a decursar.*** *Bco. Popular v. Andino Solís*, supra, pág. 183; *Caro v. Cardona*, 158 DPR 592, 599-600 (2003).

Cabe señalar que el deber de notificación no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil, sino del debido proceso de ley. *Yumac Home v. Empresas Masso, supra*, pág. 105. La notificación y el archivo en autos de una copia de la notificación de un dictamen resulta ser una etapa crucial del proceso adjudicativo. *Íd.* Por eso, la correcta y oportuna notificación de las órdenes y sentencias es un requisito *sine qua non* de un ordenado sistema judicial. *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019); *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250 (2016); *Yumac Home v. Empresas Masso, supra*, pág. 105. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. *Íd.*

**III.**

Del expediente ante nuestra consideración, surge que el TPI-Carolina emitió la sentencia apelada el 4 de abril de 2025, notificándola el 11 de abril de 2025. Tal notificación fue expedida por la Secretaría del Foro Primario utilizando el Formulario Único de Notificación OAT-1812 a las partes que comparecieron por medio de sus abogados, la demandante Luna y las codemandadas Rojas Andino y Rodríguez Rojas. Tal método de notificación también fue efectuado a los codemandados Jacob Rodríguez Pérez y Marianne Pérez Matos, a pesar de que nunca comparecieron al pleito. Adicionalmente, la sentencia apelada fue notificada mediante edicto a los codemandados que en efecto fueron emplazados mediante edicto, a saber, Romary Rodríguez Rojas, Jacob Rodríguez Pérez y Marianne Pérez Matos.

Sin embargo, de *ninguna de las constancias de notificación se desprende que alguna de estas incluyera a la codemandada Jaime Ann Rodríguez Pérez, quien precisamente fue unida al presente caso por ser parte indispensable.* Cabe señalar que, a pesar de que nunca compareció al pleito, tal codemandada logró ser emplazada personalmente por la apelada.

Conforme al derecho previamente expuesto, las Reglas de Procedimiento Civil, supra, exigen que, una vez un tribunal dicte sentencia, la misma debe ser notificada por la Secretaría a la mayor brevedad posible a *todas las partes* del caso, archivando en autos copia de dicha sentencia y de la constancia de su notificación. Para esto, las mismas reglas proveen instrucciones para notificar a las partes de acuerdo con la forma en que fueron emplazadas, y si estas han comparecido o no al pleito. Pertinente al recurso ante nuestra consideración, la Secretaría tiene el deber de notificar la sentencia emitida a la última dirección conocida de las partes que fueron emplazadas personalmente y que no comparecieron. Ahora bien, de

no haber una dirección conocida al momento de notificar la sentencia, resulta imperativo que tal notificación proceda a emitirse por edicto, tal como si la parte hubiere sido emplazada mediante edicto, con los requisitos estatuidos para su validez. No cumplir con estos preceptos resulta en una notificación de sentencia defectuosa, por lo que el término para apelar nunca comienza a transcurrir.

Bajo las circunstancias que presenta el caso de autos, para que la Sentencia del 11 de abril de 2024 se considerara efectivamente notificada, y en consecuencia surtiera efectos jurídicos, era indispensable que se notificara a *todas* las partes en el pleito. De conformidad con las incidencias procesales esbozadas, surge que la Secretaría empleó ambos métodos de notificación de sentencia. Sin embargo, *en ninguna de ellas incluyó a la codemandada Jaime Ann Rodríguez Pérez, quien fue emplazada personalmente, pero nunca compareció*. Un examen minucioso del expediente revela que su dirección física fue consignada por la apelada posterior a la emisión de la sentencia apelada, por lo que procedía que esta fuera notificada por edicto al momento de emitirse la misma. A pesar de haberse consignado tal dirección, la codemandada en cuestión tampoco fue notificada posteriormente mediante el Formulario Único de Notificación OAT-1812. Por lo tanto, la ausencia de tal notificación a la codemandada convierte la misma en una defectuosa. Concluir algo distinto, implicaría actuar de forma contraria a los principios del debido proceso de ley y al postulado de que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.

Aplicada la normativa expuesta a los hechos procesales del caso, es forzoso concluir que el recurso aquí incoado es *prematuro*. Por consiguiente, carecemos de jurisdicción para atenderlo. Como esbozamos anteriormente, esta Curia no debe asumir jurisdicción donde no la hay, por lo que solo contamos con la facultad para

declarar la ausencia de jurisdicción y no entrar en los méritos del recurso. Hasta tanto el Foro Primario notifique la Sentencia apelada a todas las partes del caso, nos vemos imposibilitados de asumir jurisdicción.

**IV.**

Por los fundamentos que anteceden, *se desestima el recurso por falta de jurisdicción, por prematuro.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones